## HASSLER et al. v. BRINKER. *
### No. 4306.

Court of Appeal of Louisiana. Second Circuit.

June 29, 1932.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for appellants.

Seals & Atkins, of Homer, for appellee.

DREW, J.

Plaintiffs alleged that Isaac A. Brinker and his wife, Jessie Norris Brinker, were separated from bed and board, and the community of acquêts and gains existing between them was dissolved by judgment of court, on May 2, 1921; that on October 3, 1921, Isaac A. Brinker and Jessie Norris Brinker made a settlement and partition of the community, whereby Jessie Norris Brinker conveyed to Isaac A. Brinker all her rights, title, and interest in the community property, specifically described, including 686⅓ acres of land in Claiborne parish, La., save and except the oil, gas, and other minerals in, on, and under 230 acres of land, specifically described, and one-sixteenth royalty in the oil, gas, and other minerals produced from the specifically described 226⅔ acres, and Isaac A. Brinker relinquished and conveyed to Jessie Norris Brinker all of his right, title, and interest in said oil, gas, and mineral rights to the extent thus described; that on November 23, 1921, a correction was made whereby Isaac A. Brinker and Jessie Norris Brinker declared before a notary that it was intended in the aforementioned settlement and partition that Jessie Norris Brinker should retain one-half of the oil, gas, and other minerals on and under the last described 226⅔ acres, subject to an oil, gas, and mineral lease in favor of W. M. Barber, trustee. The mineral lease to W. M. Barber, trustee, was executed by Isaac A. Brinker and his wife, Jessie Norris Brinker, on July 27, 1921, filed for record August 27, 1921, and was in force three years from its date.

They then alleged certain sales of part of her interest in the oil, gas, and mineral rights, which are unnecessary to refer to, for the purpose of passing on the issues herein involved at this time.

*Rehearing denied July 14, 1932.

They further alleged that Jessie Norris Brinker died on March 24, 1930, leaving no ascendants or descendants, and leaving all of her property to Marie T. Hassler, by last will and testament duly probated and judgment recognizing Marie T. Hassler as the owner and sending her into possession, rendered March 2, 1931; that Marie T. Hassler sold one-half of her interest in the oil, gas, and mineral rights thus acquired to John E. Warren, on May 28, 1931. They further alleged that Isaac A. Brinker, during the life of Jessie Norris Brinker, repeatedly acknowledged her rights, as herein shown, and offered to buy the same in whole or in part. On or about September 24, 1928, he tendered for her signature a deed to the oil, gas, and mineral rights on a portion of the land, together with his check, in words and figures as follows:

"Junction City, Ark. La., 9—24—1928,
No. ———.

"Merchants' & Farmers' Bank

"Pay to the order of Mrs. Jessie Brinker $100.00 one hundred dollars.

"For payment for all mineral rights on my land held by Jessie Brinker."

That Jessie Norris Brinker struck out the word "all" in the notation on the check, and presented it for payment, which payment was refused, and the sale was not consummated. The check is attached to the petition.

Then, in section XI of the petition, the plaintiffs allege the following: "Said Isaac A. Brinker and Jessie Norris Brinker were never able to explore and develop the land they owned in community for the production of oil and gas or other minerals by their own efforts, but from time to time undertook to secure such exploration and development through leases to others. In making the partition, they understood and contemplated that 'the said Jessie Norris Brinker could reap the benefit of the oil, gas and mineral rights reserved and granted to her only through development by others and that as to land in which the said Isaac A. Brinker retained a mineral interest, his consent to leasing was required. The said Jessie Norris Brinker was unable during her life and petitioners have been unable since her death to procure such development. The said Isaac A. Brinker is in possession of the land and claims that petitioners' rights will be extinguished by prescription ten years from the respective dates of the aforementioned acts of partition and correction which impairs the ability of petitioners to secure exploration and development of the land or any substantial advantage from their oil, gas or mineral rights."

All the documents alleged on are attached to the petition, and the prayer of the petition is as follows: "Wherefore, petitioners pray for citation and service on the said Isaac A. Brinker and for judgment in due course against him recognizing that petitioners have a servitude on the land herein described to search for and produce oil, gas and other minerals, with the right to take, subject to the interests of John F. Phillips, E. F. Thigpen and Muslow Oil Company, Inc., as herein set forth, all of the oil, gas or other minerals that may be produced from the N. W. ¼ of S. W. ¼, N. W. ¼ of S. E. ¼, S. ½ of S. E. ¼ of N. E. ¼ and S. W. ¼ of S. E. ¼ of Section 14; N. E. ¼ of N. E. ¼, N. E. ¼ of N. W. ¼, and 10 acres on the east side of N. W. ¼ of N. W. ¼ of Section 23, and one-half of the oil, gas or other minerals that may be produced from the North 26⅔ acres of N. E. ¼ of N. W. ¼, the N. W. ¼ of N. E. ¼, S. W. ¼ of N. E. ¼, N. ½ of S. E. ¼ and N. ½ of S. ½ of S. E. ¼ of Section 15, all in Township 23 North, Range 4 West; and decreeing that the service of citation in this suit is an interruption of the prescription of the servitude; or, in the alternative, that the writing on the aforementioned check of September 24, 1928, was an acknowledgment from which prescription began; or, as a further alternative, that the right of servitude on the last described 226⅔ acres was suspended until the expiration of the lease to W. M. Barber, Trustee, and that prescription thereon commenced on July 27, 1924."

Defendant excepted to plaintiffs' petition for the reason that it did not allege, set forth, or disclose a cause of action or right of action. The lower court sustained the exception, dismissing plaintiffs' suit, and from which judgment they have appealed to this court.

This suit was filed on September 8, 1931, less than ten years after the settlement and partition of the community of acquêts and gains between Isaac A. Brinker and Jessie Norris Brinker, in which partition Isaac A. Brinker recognized the reservation of and conveyed to Jessie Norris Brinker the mineral rights involved in this litigation. Therefore, at the time of the filing of this suit, the prescription of ten years for nonuser of a servitude had not run, and it is not so alleged by plaintiffs.

Plaintiffs first pray for judgment against defendant, recognizing that plaintiffs have a servitude on the land heretofore described to search for and produce oil, gas, and other minerals, with the right to take, subject to the outstanding interest of those to whom one of plaintiffs had sold part of her interest, and decreeing that the service of citation in this suit is an interruption of the servitude.

Plaintiffs have not alleged that defendant was denying their servitude and right to search for and produce oil, gas, and other minerals from the described land, but, to the contrary, alleged that defendant has repeatedly recognized that plaintiffs, or their authors in title to servitude, had such a servitude. They

did not allege that they have attempted to exercise said right of servitude and have been prevented by any acts of defendant.

■ Plaintiffs contend that the action is in the nature of a petitory action, if not a true petitory action, that the judgment recognizing Mrs. Hassler as universal legatee and sending her into possession was ex parte, and that she and her coplaintiff, a subsequent vendee, have a right to a decree recognizing their title contradictorily with defendant, who is in possession of the land. There is no merit in this contention. All that plaintiffs ever acquired was a servitude, and the petition specifically alleged that defendant has repeatedly recognized that servitude.

■ For the purpose of this exception, the allegations of the petition are taken as true. We cannot take some of the allegations as true and disregard others. We must take as true all the allegations of the petition. Under the allegations of the petition, plaintiffs are asking the court to grant them a right which they allege they have and which they allege no one is contesting or denying them the right to use.

■ Plaintiffs further contend that, if there is no issue other than the fixing of a date for the beginning of prescription, the action is identical in character with the action for ratifying a judgment expressly authorized by article 3547 of the Revised Civil Code. This article applies only to judgments for money, and reads in part as follows: "All judgments for money, whether rendered within or without the State, shall be prescribed by the lapse of ten years from the rendition of such judgments. Provided, however, that any party interested in any judgment may have the same revived at any time before it is prescribed, by having a citation issued according to law. * * *"

There is no money judgment alleged on. The ex parte judgment putting Mrs. Hassler in possession of the right of servitude does not have to be revived. A revival of that judgment is unnecessary. Roussel et al. v. New Orleans Ry. & Light Co., et al., 152 La. 517, 93 So. 758.

Plaintiffs further rely upon article 3518 of the Revised Civil Code, which reads as follows: "A legal interruption takes place, when the possessor has been cited to appear before a court of justice, on account either of the ownership or of the possession; and the prescription is interrupted by such demand, whether the suit has been brought before a court of competent jurisdiction or not."

This article is not applicable to the allegations of plaintiffs' petition. It is not alleged that defendant is the possessor of anything of which plaintiffs are claiming the ownership or possession. Plaintiffs allege they are the owners of a servitude, and that defendant has repeatedly recognized them as the owners thereof. They further contend that the prescription for nonuser of a servitude is based on the presumption of abandonment, and that the filing of suit interrupts the prescription for the reason that it rebuts a presumption of abandonment, and that the owner of a servitude who has not renounced it may prove in court that he has not renounced it, and have a judicial decree to that effect and in that manner interrupt the prescription by suit, exactly as plaintiffs are attempting here.

■■ In support of this contention, they cite excerpts from Baudry-Lacantinerie et Chauveau, Traite de Droite Civil, vol. 4, p. 889, § 1155 et seq., which apparently show that this mode of interrupting prescription was recognized in France in an action confessoire, whereby the owner of a servient estate was brought into court in an attempt to compel him to confess the servitude. The courts of this state have never adopted this mode of interrupting prescription of a servitude. The two modes of interrupting prescription recognized by our law are by a natural interruption, or by a legal interruption, as defined by articles 3517 and 3518 of the Revised Civil Code.

Legal interruption, as defined by article 3518, Revised Civil Code, does not contemplate a suit such as this, filed for the sole purpose of rebutting the presumption of abandonment and thereby interrupting prescription. To so hold would nullify articles 783, 789, and 3546 of the Revised Civil Code, which deal with extinguishment of servitudes.

■ In the alternative, plaintiffs pray that the court hold that the writing on the aforementioned check of September 24, 1928, was an acknowledgment from which date prescription began, and, as a further alternative, that the right of servitude on the last-described 226⅔ acres of land was suspended until the expiration of the lease to W. M. Barber, trustee, which was July 27, 1924.

These two alternative prayers are based on the allegations of articles X and XI of plaintiffs' petition. Article X sets out whereby defendant attempted to purchase the mineral rights from plaintiffs in 1928; and article XI is quoted in full in a statement of the pleadings. It is not alleged that defendant is attempting or has attempted to assert ownership of the servitude owned by plaintiffs. They do not charge that defendant has interfered in any way with plaintiffs' right, except they allege that defendant is in possession of the land owing the servitude, and claim that plaintiffs' rights will be extinguished by prescription ten years from the date of the partition and correction thereof. It is not alleged that defendant will at any time interfere with the exercise of plaintiffs' rights. It cannot be certain that he will until that time arrives. If the acts of defendant amount

to an acknowledgment such as will interrupt prescription, the time for plaintiffs to urge this acknowledgment is when defendant attempts to assert ownership over the minerals, or interferes with plaintiffs' exercise of their right of servitude. That time may never come.

 The same is true in regard to the time for prescription to begin to run on that part of the property leased to W. M. Barber, trustee. No matter what defendant might say about the prescription of the servitude, it is not binding on defendant or any other person. The law fixes the prescriptive period and provides how that prescription may be interrupted. What defendant is claiming can in no way affect the rights of plaintiffs, under the law, and an allegation that defendant claims that the servitude will be extinguished at some date in the future does not allege a cause of action or justify plaintiffs in bringing defendant into court to answer therefor. Plaintiffs do not allege that defendant has, by any acts of his, interfered with their right to use of the servitude, nor that he has prevented them from actual use of said servitude, and the court cannot be called upon to pass upon the question of right to use a servitude, which has not been interfered with and may never be interfered with, by defendant.

The exception of no cause and right of action was properly sustained by the lower court, and is affirmed, with all costs.