182 So. 516

**CHILDS v. PORTER–WADLEY LUMBER CO. et al.**

**No. 34818.**

May 30, 1938.

Rehearing Denied June 27, 1938.

John B. Files, of Shreveport, for appellants.

A. S. Drew, of Minden, for appellee.

ROGERS, Justice.

This is a suit for slander of title brought by Phares F. Childs against Porter-Wadley Lumber Company, a corporation, and the other defendants named in the petition.

Plaintiff alleges that he is the owner of and in actual physical possession of S.W.¼ of N.W.¼ of Section 20, Township 21

North, Range 9 West, Webster Parish, Louisiana, which he acquired from Charles S. Childs by notarial warranty deed dated December 17, 1923, and duly recorded in the conveyance records of the parish. That defendants are slandering his title to the oil, gas and other minerals on the property by claiming ownership thereof under a reservation made by Porter-Wadley Lumber Company in a deed to O. N. Cavin, dated February 12, 1916, and by an affidavit signed by J. K. Wadley, Mrs. Lillian J. Porter and Margaret Porter, in which the affiants claim that they and the other defendants are the owners of the oil, gas and other minerals on the property; both deed and affidavit being recorded in the conveyance records of Webster Parish. And plaintiff specially pleads the prescription of ten years acquirendi causa and liberandi causa.

Defendants, in their answer, deny the substantial allegations of the petition, except the allegations as to the mineral reservation in the deed to Cavin and the recordation of the affidavit referred to in the petition, which they admit.

Defendants aver that the Porter-Wadley Lumber Company was dissolved and its charter surrendered in the State of Arkansas on May 3, 1917, and that after that date the property of the corporation reverted to the stockholders, who are defendants in this suit.

Defendants further aver that at the time of the dissolution of the lumber corporation, Margaret Porter, a stockholder in the corporation, was a minor and did not reach

her majority until March 16, 1931; and that during the minority of Margaret Porter the running of prescription was suspended not only as to her but also as to her co-owners, who together with the minor are defendants herein.

Defendants further allege that plaintiff is a brother of Charles S. Childs, from whom he attempted to acquire the property, and that he and his brother knew, or should have known, from the public records that neither Charles S. Childs nor the plaintiff acquired any mineral rights in the property, but that the same were wholly reserved in the deed from Porter-Wadley Lumber Company to O. M. Cavin; and that the plaintiff, by attempting to acquire the mineral rights by prescription, is barred because he was and is in legal bad faith.

In the alternative, defendants aver that if the prescriptions pleaded by plaintiff should be found to apply, then they have a contract which is binding on all parties for a period of thirty-five years from February 12, 1916, whereby the exclusive right coupled with an interest was given defendants to develop the property for minerals, the consideration being the payment by defendants of one-half the net proceeds received from the sale of the minerals resulting from the development.

On the trial of the case, plaintiff filed a plea of estoppel, which was predicated on its offering in evidence a number of oil and gas leases made in the years 1926, 1929 and 1933, in which the Porter-Wadley Lumber Company, acting through J. K. Wadley and John W. Wheeler, its Commissioners and

Liquidators, purported to lease and convey mineral rights in the Parish of Webster.

The trial judge, pretermitting as unnecessary any discussion of the plea of estoppel, the plea of ten years' prescription liberandi causa, the effect of the dissolution of the corporation and whether title vested in its stockholders on May 3, 1917, sustained plaintiff's plea of ten years' prescription acquirenda causa and recognized plaintiff as the owner of the tract of land described in the petition, together with the oil, gas, sulphur and other minerals on, in and under the same, and ordered the inscription of the instruments complained of cancelled and erased from the parish records so far as they affect the land described in the petition.

The case was submitted to the district court on depositions of two witnesses and on a partial statement of facts agreed on by the attorneys of the parties.

After the judgment was rendered in plaintiff's favor in the district court, defendants filed a motion for a new trial predicated on the alleged fact that plaintiff was not a possessor in good faith and that defendants' admission to that effect in the agreed statement of facts was erroneously made. The trial judge overruled the motion and signed the judgment. Defendants appealed.

Defendants' Counsel, in oral argument and in printed brief, presents a number of interesting questions, but only three contentions are made by defendants under the pleadings. These contentions are as follows, viz.:

1st. That the reservation of the minerals being for thirty-five years, with the agreement to pay vendee and his assigns one-half of the net revenues obtained from the sale of said minerals, constitutes a mandate coupled with an interest, and that, therefore, no prescription can accrue until the end of the stipulated period.

2nd. That even though the deed to plaintiff makes no mention of any mineral reservation, plaintiff is bound by the records, and the reservation contained in the prior deeds.

3rd. That the Porter-Wadley Lumber Company was dissolved on May 3, 1917, and that on that date the property of the corporation became vested in the stockholders, one of whom, Margaret Porter, was a minor, and that, therefore, the running of prescription was suspended on that date and until the minor reached her majority, which was on April 28, 1931.

The record shows that on February 12, 1916, Porter-Wadley Lumber Company sold to O. M. Cavin, with reservation of the minerals, about 2,000 acres of land, including the land involved in this suit. On December 27, 1917, Cavin sold the property to the North American Investment & Development Company, making the same mineral reservation as contained in the deed to him. On December 27, 1917, the North American Investment & Development Company, with reservation of the minerals, sold the property to W. T. Gleason. On January 5th, 1918, W. T. Gleason sold the property to Charles S. Childs, excepting there-

from the minerals as reserved in the deed to him. On December 17, 1923, Charles S. Childs made an exchange with Phares F. Childs, the plaintiff, wherein plaintiff became the owner of the property involved in this suit, no mention being made in the act of exchange of the reservation of any minerals.

The record also shows that the land involved in this suit never has been drilled for oil, gas or other minerals.

■ We do not find any merit in the defense that the reservation of the minerals for thirty-five years, with the obligation on the part of the vendor to pay the vendee or assigns one-half of the net revenues derived from the sale of the minerals constituted a mandate coupled with an interest and therefore was imprescriptible. The reservation covered all the minerals, with a mere personal obligation on the part of the vendor and assigns to pay to the owner of the land one-half the benefits received therefrom. No mandate was granted by the vendee, and there was no need for one, because the vendor, having reserved all the minerals with the full right to develop, was the sole owner of the minerals. There was no joint ownership of the minerals.

■ The reservation of fugitive minerals that might be found under the surface of the land conveyed does not create a separate estate, but only a servitude, and the right to mine such minerals is lost by nonuser for ten years.

■ A mineral reservation for a longer period of time than ten years cannot extend the life of the reservation beyond the prescriptive period of ten years, if the servitude created by the reservation is not exercised within ten years.

■■ Nor do we find any merit in the defense that plaintiff was not in good faith, because his vendor had acquired the property burdened with a servitude and that plaintiff was charged with knowledge of the records.

It is admitted in the agreed statement of facts that plaintiff has had actual physical possession of the property since December 17, 1937, in good faith, subject to the records. The effect of the admission is not destroyed by anything in the record. There is no evidence whatever that plaintiff had knowledge of the reservation of mineral rights by the Porter-Wadley Lumber Company. And the fact that at the time plaintiff acquired the land and its appurtenances in full ownership, there stood registered on the conveyance records of the parish in which the land is situated the prior mineral reservation is not of itself sufficient to establish plaintiff's bad faith in the transaction. Wells v. Goss, 110 La. 347, 34 So. 470.

We do not find it necessary to consider the defense that Porter-Wadley Lumber Company was dissolved, and that as a consequence of the dissolution title to all the property owned by the corporation immediately vested in the stockholders, one of whom was a minor.

On December 17, 1923, when Charles S. Childs conveyed the property to Phares F.

Childs, the plaintiff, without making mention of the mineral reservation, the prescription of ten years' acquirenda causa began to run in plaintiff's favor against all the owners of the minerals, including the minor, although as to the minor the prescription could not accrue until she reached the age of twenty-two years. Civil Code, Article 3478, as amended by Act 161 of 1920.

So far as this suit is concerned there is no distinction to be made between the provisions of Act 161 of 1920 and Act 64 of 1924. Both acts provide that the prescription shall run against interdicts, married women, absentees, and all others now excepted by law, with the proviso that as to minors the prescription shall not accrue until they reach the age of twenty-two years, thus giving them a full year after attaining majority in which to prosecute any claim they might have. If it be conceded that the prescription did not begin to run against the minor before July 30, 1924, the effective date of Act 64 of 1924, it certainly began to run on that date.

The minor Margaret Porter became twenty-two years old on April 28, 1932. However, at that time the full ten years had not run since plaintiff acquired the property, so she was still not barred. If Act 161 of 1920 applies, she had until December 17, 1933, and if Act 64 of 1924 applies, she had until July 30, 1934, to assert her cause of action. This suit was filed October 11, 1937, more than ten years from July 30, 1924.

Applying the same rule of law that was applied in the case of Sample v. Whitaker,

171 La. 949, 132 So. 511 and Id., 174 La. 245, 140 So. 36, which rule was re-examined and re-affirmed in the case of Connell v. Muslow Oil Company, 186 La. 491, 172 So. 763, plaintiff is clearly entitled to have his plea of ten years' prescription acquirenda causa sustained.

When plaintiff's vendor conveyed title to him without making mention of the reservation of the mineral rights by the Porter-Wadley Lumber Company, and without himself reserving any mineral rights, and plaintiff in good faith took possession of the property, the title and the possession embraced not only the surface rights, but also the mineral rights, as to the reservation of which plaintiff was ignorant. At that time the prescription of ten years' acquirenda causa began to run, irrespective of whether the Porter-Wadley Lumber Company was dissolved or not or whether Margaret Porter was a minor or not. And as the rights of the minor were lost prior to the filing of this suit, whether in 1933 or 1934, it logically follows that the rights of the corporation and its major stockholders were also lost, and that they are forever barred by the acquisitive prescription of ten years.

In their motion for a new trial, defendants asked that the case be re-opened in order to permit them to take the testimony of W. T. Gleason and other persons, whose names are not given, for the purpose of showing that since the trial of the case plaintiff had stated that he knew the mineral rights had been reserved and that he was not in good faith; hence, the admis-

sion in the agreed statement of facts that plaintiff was in good faith and without notice of the mineral reservation was erroneously made. The motion was called, tried and overruled in the court below.

The motion to re-open the case is supported only by the affidavit of the attorney of the defendants, "that he has discovered evidence, competent and material, from statements made by plaintiff in this case since the trial of the same, that he had knowledge of the reservation of the mineral rights at the time of the deed of exchange between him and his brother, Charley Childs," etc.

The affidavit does not show to whom the alleged statements were made, nor does it show the time, the place, or the occasion they were made.

In making the admission that on December 17, 1923, when the exchange deed from Charles S. Childs to Phares F. Childs, was executed, Phares F. Childs, went into the actual, physical possession of said property and has continually possessed same openly and publicly to the present time in good faith subject to the records, the attorney for the defendants must have known whereof he spoke. In the face of this fact, the vague and general averments of his affidavit attached to the motion to re-open are not sufficient to overcome the effect of the admission, and to warrant the court in re-opening the case. The new trial was properly refused.

For the reasons assigned, the judgment appealed from is affirmed.

O'NIELL, C. J., does not take part.