26 So.2d 826

**ALLISON et al. v. WIDEMAN et al.**

No. 36158.

May 27, 1946.

Foster, Hall & Smith, of Shreveport, for plaintiffs and appellants.

Meadors, Shaw & Meadors, of Homer, and Philip Gensler, of New Orleans, for defendants and appellees.

O'NIELL, Chief Justice.

Miss Mary Amanda Allison, Alex P. Allison and Mrs. Rebekah A. Humes, claiming a half mineral interest in two tracts of land owned and possessed by the defendants respectively, brought suit to be declared the owners of the one-half mineral interest. Inasmuch as the two tracts of land were possessed and claimed by different parties the plaintiffs brought two suits, but the suits were afterwards consolidated by consent of all parties and were dealt with as one suit. The purpose of the suits was to interrupt the prescription of 10 years acquirendi causa, under Article 3478 of the Civil Code, because the defendants possessed the land as owners under title deeds in which there was no reservation or mention of the outstanding one-half mineral interest now claimed by the plaintiffs. One of the plaintiffs, Miss Mary Amanda Allison, claimed that the prescription of 10 years liberandi causa was suspended by the fact that she did not become of age until May 29, 1937, and hence the prescription liberandi causa would not accrue until May 29, 1947. The two other plaintiffs, Alex P. Allison and Mrs. Rebekah A. Humes, claimed that the prescription liberandi causa was suspended as to their two-thirds of the one-half mineral interest in the land, because they were co-owners with the minor, Miss Mary Amanda Allison, against whom the prescription of 10 years liberandi causa was suspended. The defendants filed exceptions of no cause or right of action. The judge maintained the exceptions and dismissed the suit. The plaintiffs appealed from the judgment.

According to the jurisprudence prevailing at the time when this suit was filed, if among the coproprietors of a mineral right in land belonging to a third party there was one coproprietor against whom the 10 years' liberative prescription could not run, as, for instance, a minor, his or her minority suspended the prescription even as to the coproprietor or coproprietors not under legal disability. The hearing of this case in this court was delayed because one of the attorneys was in the armed forces overseas. During that delay the legislature

met and passed Act No. 232 of 1944, declaring that if among coproprietors of a mineral right there is one against whom the liberative prescription cannot run, as, for instance, a minor, nevertheless the liberative prescription shall run against the coproprietor or coproprietors not under legal disability. It is provided in the second section of the statute that it affects existing mineral rights, reserving to any person whose rights would be affected by the act a period of one year in which to exercise his rights. It is admitted therefore in the brief of the attorneys for the appellants, Alex P. Allison and Mrs. Rebekah A. Humes, that so far as their mineral interests are concerned this suit has abated.

The right of action of Miss Mary Amanda Allison is sustained by the decision in Sample v. Whitaker, 174 La. 245, 140 So. 36. According to Article 3478 of the Civil Code, as amended by Act No. 161 of 1920 and by Act No. 64 of 1924, the prescription of ten years acquirendi causa defeats a claim of a minor when he or she arrives at the age of 22 years. In other words, the prescription runs against a minor but he or she has a year's grace in which to interrupt the prescription by filing suit. Miss Mary Amanda Allison filed this suit two days before she arrived at the age of 22 years.

The case of Sample v. Whitaker, was a sequel of the case bearing the same title, reported in 172 La. 722, 135 So. 38; where it was decided that it was yet the law that the prescription of 10 years liberandi causa did not run against minors, and where the case was remanded for the purpose of considering the plea of 10 years prescription acquirendi causa. The facts of the case are very similar to the facts in the present case. Referring to the amendment of Article 3478 of the Civil Code by Act No. 161 of 1920, it was said [174 La. 245, 140 So. 38]:

"Under Act No. 161 of 1920, prescription acquirendi causa, which until then did not run against minors, was made to run against them; with this proviso, however, that it should not accrue or be completed until such minors accomplished full twenty-two years; and that the same period of prescription should apply to the heirs of such minors and not be suspended even during their minority.

"So that under that act any minor had, until he reached his twenty-second birthday, the right to assert a cause of action which might otherwise be lost under the prescription acquirendi causa by possession in good faith for ten years with a title translative of the property; and, if he died before reaching his twenty-second birthday, his heirs, whether of full age or still minors, had the same time in which to assert that cause of action as he himself would have had, had he lived."

It had been decided in Palmer Corporation of Louisiana v. Moore, 171 La. 774, 132 So. 229, and was held again in Childs v. Porter-Wadley Lumber Co.,

190 La. 308, 182 So. 516, that, where the owner of a tract of land under a deed in which certain outstanding mineral rights were reserved or recognized sold the land without any mention of the outstanding mineral rights, the purchaser in good faith might acquire title to the outstanding mineral rights by prescription under Article 3478 of the Civil Code by actual possession of the land for a period of 10 years. There is no necessity for the possessor of the land in such a case to invoke the prescription of 10 years acquirendi causa unless, as in the present case, the prescription of 10 years liberandi causa has not released the land from the outstanding mineral rights. But, in this case, according to the allegations in the petition of Miss Mary Amanda Allison, her one-sixth mineral interest in the defendants' land cannot be extinguished by the liberative prescription of 10 years until May 29, 1947. She has a right of action therefore to maintain this suit to interrupt the prescription of 10 years acquirendi causa with the hope that the liberative prescription will be interrupted by the beginning of operations for the production of oil, gas or other minerals sometime before May 29, 1947.

The defendants rely upon the decision by the Court of Appeal for the Second Circuit in the case of Hassler v. Brinker, La. App., 142 So. 730; but that decision is not appropriate because in that case the plaintiffs were suing to interrupt the prescription of 10 years liberandi causa.

The defendants argue that this suit cannot be maintained as a petitory action because the defendants are not in possession of the mineral interests claimed by Miss Mary Amanda Allison. The Code of Practice, in Article 43, recognizes that the owner of a real right, or incorporeal immovable property, may resort to the petitory action against the party in possession of the immovable property. The article provides: "The petitory action, or one by which real property, or any immovable *right* to such property may be subjected, is claimed, must be brought against the person who is in the actual possession of the immovable," et cetera. [The italics are ours.]

The right of Miss Mary Amanda Allison to prosecute her suit as a petitory action is recognized also by Act No. 205 of 1938. In fact it was so recognized in the case of International Paper Co. v. Louisiana Central Lumber Co., 202 La. 621, loc. cit. 632, 12 So.2d 659, loc. cit. 662, thus: "Mineral rights and mineral leases are by Act 205 of 1938 'defined and classified as real rights and incorporeal immovable property, and may be asserted, protected and defended in the same manner as may be the ownership or possession of other immovable property by the holder of such rights.'"

The defendants cite the following cases to support their argument that a mineral right, such as the right to the oil, gas or other minerals beneath the surface

of a tract of land, is not susceptible of possession by the owner of the right except by actually exercising the right by operations for the production of the oil, gas or other minerals: Connell v. Muslow Oil Co., 186 La. 491, 172 So. 763; Allison v. Maroun, 193 La. 286, 190 So. 408; International Paper Co. v. Louisiana Central Lumber Co., 202 La. 621, 12 So.2d 659. Those decisions have reference to cases where the owner of the mineral right is not also the owner of the land and is not in possession of the land. The decisions have no application to a case where the owner of the land claims ownership also of the mineral rights. In such a case his possession of the land under a title which makes no reservation or mention of any previous reservation of the mineral rights is possession also of the mineral rights. Such possession is a sufficient basis for the plea of prescription acquirendi causa, under Article 3478 of the Civil Code, against a petitory action brought by the owner of an outstanding mineral right. It was so recognized in Childs v. Porter-Wadley Lumber Co., 190 La. 308, loc. cit. 318, 182 So. 516, loc. cit. 519, thus: "When plaintiff's vendor conveyed title to him without making mention of the reservation of the mineral rights by the Porter-Wadley Lumber Company, and without himself reserving any mineral rights, and plaintiff in good faith took possession of the property, the title and the possession embraced not only the surface rights, but also the mineral rights, as to the reservation of which

plaintiff was ignorant. At that time the prescription of ten years' acquirenda causa began to run," et cetera.

Our conclusion is that the defendants' exception of no cause or right of action should have been overruled so far as the claim of Miss Mary Amanda Allison is concerned.

The judgment appealed from is annulled and reversed, the exception of no cause or right of action is overruled so far as the suit of Miss Mary Amanda Allison is concerned, and the case is ordered remanded in order that her suit may be proceeded with on its merits, and to have the suit of Alex P. Allison and Mrs. Rebekah A. Humes dismissed for having been abated by Act No. 232 of 1944. The costs of this appeal are to be borne by the defendants; all other costs are to abide the final disposition of the case.