The judgment of conviction and sentence is affirmed.

64 So.2d 215

**OBER v. McGINTY.**

No. 40226.

March 23, 1953.

Robert E. Eatman and Edmund E. Woodley, Shreveport, for appellant.

Lunn & Trichel, Shreveport, for appellee.

HAMITER, Justice.

In a joint motion to transfer the instant appeal counsel for the parties litigant state:

"That this cause was appealed to this court from a decision of the District Court sustaining an exception of no cause or right of action, which decision was made on the pleadings alone, without the taking of evidence, so that there is no evidence in the record as to the value of the mineral rights which are in controversy.

"That the petition does not disclose the value of the mineral rights.

"That, therefore, the parties hereto suggest that the appeal was improperly lodged in this court, and the appellee joins herein

to express his consent that the appeal be transferred to the Court of Appeal, Second Circuit. * * * "

■ An appellate court, of course, cannot be vested with jurisdiction by consent or agreement. However, an examination of the record herein convinces us that the motion must be granted. -

This litigation commenced on June 10, 1950. From the allegations of the petition and the annexed document, which alone were before the district court on the sustaining of the exception of no cause of action and the dismissal of the suit, it appears that on June 11, 1940 plaintiff, Jake Ober, sold and conveyed to defendant, J. G. McGinty, 462.47 acres of land, situated in Red River and Bienville Parishes, for a consideration of $2500. Contained in the deed were the following provisions:

"It is understood and agreed that the said J. Ober, shall retain title to one-half interest in and to all mineral rights under the above described property, and shall receive one-half of all rentals and lease monies therefrom.

"It is further understood and agreed that this mineral interest shall hold good for a period of ten (10) years from the date hereof, at the expiration of which the said J. Ober shall have the right and privilege to extend his right and ownership to one-half of the minerals for an additional period of ten (10) years upon the payment of Twenty Five cents ($0.25) per acre."

Acting pursuant to the quoted provisions plaintiff tendered to defendant the stipulated Twenty Five cents ($0.25) per acre ($115.62) and demanded an extension of the mineral rights for the additional period of ten years. On the refusal of the tender and demand the money was deposited in the registry of court and this suit instituted, plaintiff praying primarily that defendant be compelled and ordered to accept the deposit and to convey to him the mentioned one-half mineral interest for a period of ten years from June 11, 1950.

■ Thus, disputed in this cause is only the right of plaintiff to one-half of the minerals in and to defendant's lands. The value of that right determines appellate jurisdiction, and unless the record affirmatively shows it to be in excess of $2000 this court cannot entertain the appeal. As the joint motion to transfer points out no value whatever was alleged or proved.

■ True, the petition contains an alternative plea (along with an appropriate prayer), in the event specific performance is not decreed, that the deed of June 11, 1940 should be annulled and set aside and that plaintiff should be recognized as the owner of the lands conveyed upon refunding to defendant the sum of $2500. But this plea, obviously, is merely incidental to the disputed right to the minerals, and it cannot and does not serve to vest this court with jurisdiction.

Therefore, it is ordered that this cause be transferred to the Court of Appeal,

Second Circuit, pursuant to the provisions of LSA–R.S. 13:4441 and 13:4442, the record to be filed in such court by appellant within 30 days from the date on which this decree shall become final; otherwise the appeal shall stand dismissed. Appellant shall pay the costs of the appeal to this court, and all other costs shall await final disposition of the case.