66 So.2d 385 (1953)
OBER
v.
McGINTY.
No. 7989.
Court of Appeal of Louisiana, Second Circuit.
June 30, 1953.
Robert E. Eatman, Edmund E. Woodley, Shreveport, for appellant.
Lunn & Trichel, Shreveport, for appellee.
McINNIS, Judge.
This is a demand for recognition of ownership of an undivided one-half interest in the mineral rights under 462.47 acres of land in Red River Parish, and for judgment ordering defendant to execute a conveyance to plaintiff of said interest upon payment to defendant of $115.62 out of *386 funds deposited in the Registry of the Court, and alternatively a demand is made for the rescission of the sale of the land by plaintiff to defendant, upon payment of the sum of $2,500 to defendant.
The deed from plaintiff to defendant is dated June 11, 1940 and was filed for record June 11, 1940 at 12:00 o'clock noon, and is recorded in Book 63, Page 147, Conveyance Records of Red River Parish. The deed conveys 462.47 acres of land situated in said Parish of Red River and contains the following reservation of mineral rights:
"It is understood and agreed that the said J. Ober shall retain title to one-half interest in and to all mineral rights under the above described property, and shall receive one-half of all rentals and lease monies therefrom.
"It is further understood and agreed that this mineral interest shall hold good for a period of ten (10) years from the date hereof, at the expiration of which the said J. Ober shall have the right and privilege to extend his right and ownership to one-half of the minerals for an additional period of ten (10) years upon the payment of twenty five cents ($0.25) per acre."
It is alleged that the privilege of extending the mineral rights for an additional period of ten years upon payment of twenty-five cents per acre was the moving consideration for making the sale to defendant, and that without this privilege he would not have made the sale. It is further alleged that a tender has been made to defendant and he has refused to extend the mineral rights, and that in addition plaintiff has deposited the sum of $115.62 in the Registry of the Court, to be paid to defendant.
Interrogatories on facts and articles were propounded to defendant, but he did not answer them, and instead filed an exception of no cause and no right of action.
The exception was heard and after argument and consideration of briefs, the exception was sustained and plaintiff's suit dismissed.
From this judgment plaintiff obtained an order of appeal, suspensive and devolutive to the Honorable Supreme Court.
A joint motion was filed to transfer the appeal to this court, because of lack of jurisdiction, and after examination of the record, the Supreme Court ordered the appeal transferred. 222 La. 907, 64 So.2d 215.
In the meantime plaintiff died, and on motion of counsel an order was signed May 27, 1953, substituting Marie Sparburg Ober and L. L. Sugar, executors of the estate of plaintiff, as plaintiffs-appellants.
The question posed by this action is res nova. We have been cited no authority and have found none where a case exactly like this has been adjudicated. It is obvious that Ober had in mind at the time he made the sale, avoidance of or escape from the effects of the law of prescription as applied to mineral servitudes, and this is clearly an effort to establish a servitude for a longer period than ten years. It cannot be said to be an option to purchase or repurchase the interest, because defendant did not agree that he would execute any instrument in the nature of a sale.
It has been held in two cases, Childs v. Porter-Wadley Lumber Company, 190 La. 308, 182 So. 516, 518 and Munn v. Wadley, 192 La. 874, 189 So. 561 that it is well settled that a grant or reservation of the minerals or mineral rights in a tract of land is subject to the prescription of ten years, liberandi causa, even where it is stipulated in the contract that the mineral rights are granted for a period exceeding ten years, citing numerous other cases.
After this case was argued and submitted defendant filed in this court a plea of prescription of ten years, both liberative and acquisitive. The conclusion we have reached on the exception of no cause and no right of action renders unnecessary a discussion of this plea.
In so far as the alleged contract is an effort to reserve mineral rights for a longer period than ten years, and we believe it is, we find that it is reprobated by the law of this state.
If that is not the purpose of the alleged contract, plaintiff is, in our opinion, no better off. Defendant is not required by the *387 terms of the alleged contract to do anything.
For these reasons the judgment of the district court sustaining the exception of no cause and no right of action and dismissing plaintiff's suit is amended so as to run against Marie Sparburg Ober and L. L. Sugar, executors of the estate of Jake Ober, and as thus amended it is affirmed at the cost of plaintiff-appellant in both courts.