AYRES, Judge.
This is an action in jactitation or slander of title.
Plaintiffs allege they are the true and lawful owners through inheritance from their deceased parents of a certain tract of land in Red River Parish, Louisiana, and further contend that in their, capacity as owners they are and have been for more than five years in actual physical possession thereof. Defendants are alleged to have slandered plaintiffs’ title to the aforesaid .property by claiming to own a portion thereof, by granting an oil, gas and mineral lease on a portion thereof, and by placing of record an affidavit to which were attached a map and a plat of a survey asserting ownership of a portion thereof.
To plaintiffs’ action the defendants urged in limine litis pursuant to the provisions of LSA-R.S. 13:5063, that, among other objections, the plaintiffs were without sufficient possession of the property involved to institute, maintain or prosecute this action. After trial, this exception was sustained and, from a judgment accordingly dismissing plaintiffs’ suit, they have appealed. ■ •
The jurisprudence is firmly established that an action in jactitation or slander of title can only be maintained by one in actual possession as owner of the real estate involved and only against one not in possession thereof. Marks v. Collier, 216 La. 1, 43 So.2d 16; Lenard v. Shell Oil Co., Inc., 211 La. 265, 29 So.2d 844; International Paper Co. v. Louisiana Central Lumber Co., 202 La. 621, 12 So.2d 659; City of Shreveport v. Kahn, 194 La. 55, 193 So. 461; Allison v. Maroun, 193 La. 286, 190 So. 408; Rudd v. Land Co., Inc., 188 La. 490, 177 So. 583; Siegel v. Helis, 186 La. 506, 172 So. 768; Miller v. Albert Hanson Lumber Co., Limited, 134 La. 225, 63 So. 883; Labarre v. Burton-Swartz Cypress Co., 133 La. 854, 63 So. 380; South Louisiana Land Co. v. Riggs Cypress Co., 119 La. 193, 43 So. 1003; Jackson v. Davis, La.App., 49 So.2d 497.
The only question presented for resolution, therefore, is whether plaintiffs were in actual possession as owners of the property in dispute at the time this suit was filed, Plaintiffs claim to have had actual possession of the disputed lands for a period exceeding five years through their tenant, O. A. Young. The necessary possession through a tenant is a sufficient basis upon which to-predicate an action in jac-titation or slander of title. Johnson v. Henderson, La.App., 190 So. 171. The record establishes that for many years defendants and their authors in title, or tlieir- ancestors from whom they inherited, owned several contiguous plantations located on the east, or the left descending, bank of Red River. Altogether, they were known as the “Loftin Place”. A portion of this plantation, by the course of the river, jutted westward and formed a peninsula. It is not disputed that .prior to April, 1945, defendants and their authors in title from the dates of the acquisitions of said property, many years before, were in actual and undisputed possession, including the aforesaid area heretofore referred to as the peninsula.
• 'Plaintiffs’ father and mother, from whom they claim title by inheritance, acquired an estate located on the west side, or the right descending bank, of Red River and across: the river from and opposite the property of defendants.
During an unusually devastating flood occurring in April, 1945, Red River cut a. new channel or bed through the base of the aforesaid peninsula, taking property of defendants for such new course. The ends, of the old channel were sanded over and the old bed formed a lake. As a result of this change of course of the river and the ‘formation of the lake, the peninsula became constituted as an island, by which. *503 name. it was afterwards referred > to,’ and which comprised 74.66 acres of land.That area is claimed by defendants because it constitutes an identifiable part »of .their.: property, to which they have recorded titles. Titie to the old channel .or river bed is cláiméd by defendants because their property furnished the new channel. Their claims are based upon LSA-C.C. Arts. 517 and 518, which read as follows:
“Art. 517. If a river or stream,'whether navigable or not, by opening itself a new branch cuts off and surrounds the field of any individual owner of the shore, and makes it an island, the owner shall keep the property of his field.”
“Art. 518.- If a river or stream, whether navigable or not, opens itself a new bed by leaving its former channel, the owners of the soil newly occupied shall take, by way of indemnification, the former bed of the river, every one in proportion to the quantity of land he has lost.
“They shall again take their former property, if the river or stream returns to its former channel.”
Plaintiffs contend that when ’the river changed its course, the tract now in dispute constituted an accretion which formed, gradually, successively and imperceptibly, to the soil of and became attached to their property; that said area theretofore came within their enclosures and under their possession and that, therefore, defendants were divested of their possession. Plaintiffs’ ownership is predicated upon LSA-C.C. Art. 509, providing:
“Art. 509. The accretions, which are formed successively and imperceptibly to any soil situated on the shore of a river or other stream, are "called alluvion.
“The alluvion belongs to the owner of the soil situated on the edge of the water, whether it be a river or stream, •■-and whether the .same, be,navigable or .not, - who is bound- to leave public that pbrtiori of the .bank !which -is required by law for the public use.”
Plaintiffs’ claims are not supported by the evidence. The change of the course of the river was not through a gradual, successive and imperceptible manner. The course was changed abruptly by the river during a flood, opening unto itself a new branch through defendants’ property, leaving a portion of> their estate on the opposite side of the river. Neither does the testimony show that the disputed area is entirely enclosed by fences formerly enclosing only plaintiffs’ property to which the disputed area is claimed to have become attached. The fences extended to the banks of the old channel. They do not extend, particularly on the south, to the new channel or banks of Red River. The disputed area was, therefore, .not within plaintiffs’ enclosure.
The record is barren of any testimony showing any acts of actual possession by plaintiffs directly, or through their tenant, of the property claimed. The tenant testified that he was not familiar with the property in dispute, notwithstanding his long occupancy of the Russ property; that he had been on' .this property only once and that was in 1950. , The evidence is wholly insufficient to establish that the tenant’s cattle grazed .on this property.
• The record, incidentally, sh-ows that, following the flood of 1945, defendants or their authors in title caused to be made a survey of the property claimed by them and erected “No trespass” signs on the boundary as determined by the survey. No acts or' signs of any possession adverse to defendants were encountered during this undertaking.
The decisive question was one of fact, correctly resolved by the trial court and to whose resolution thereon no manifest error has been pointed out, nor has our independent review of the record disclosed such- an error.
*504 The judgment appealed is, therefore, in our opinion; correct and it should be and it is hereby-affirmed at appellants’ cost.
Affirmed.