AYRES, Judge.
This is an action in jactitation or slander of title. Plaintiffs assert possession in themselves as owners of the minerals and mineral rights of a certain tract or parcel of land comprising 9.58 acres situated in Caddo Parish, Louisiana, the title to which, in fee simple, they also claim. Plaintiffs charged that the defendants, Helen C. Ballard Anthony, doing business as States Oil Company, Moise S. Hirsh, George T. Monsour, and Tri-State Realty Company, are slandering their title to the aforesaid minerals and mineral rights by claiming and asserting interests therein under the following oil, gas and mineral leases:
(1) A lease executed by William S. Hirsh November 10, 1949, in favor of Frank J. Hall, and
(2) A lease executed by Tri-State Realty Company March 16, 1951, in favor of W. F. Addison, and that, in addition, the defendants, Hirsh and Monsour, claim that petitioners’ minerals and mineral rights were included in the aforesaid leases, as well as in a declaration of unitization, combining and unitizing them with certain other oil, gas and mineral leases in Section 19, Township 17 North, Range 15 West, in which section the property in contest lies, in connection with which unit-ization they assert a division order was signed by them setting out their ownership and interests.
The issue presented to the trial court and likewise tendered on this appeal for determination is whether plaintiffs established possession in themselves as owners of the aforesaid land and the minerals and mineral rights thereto as a basis or prerequisite for maintaining the jactitory action. The trial court held plaintiffs’ possession sufficient to support the action and, accordingly, ordered defendants to institute an action in revendication within six months, and, in default thereof, that plaintiffs be quieted in their ownership and possession.
From the judgment thus rendered, defendants Hirsh and Monsour appealed. Plaintiffs have answered the appeal, pray *750 ing that, in default of defendants’ instituting said action in revendication, the two aforesaid leases be canceled and erased from the records of Caddo Parish, Louisiana.
It is firmly established in the jurisprudence of this State that an action in jactitation, or slander of title, can only be maintained by one in actual possession as owner of the real estate or minerals involved and only against the one not in possession thereof. Russ v. Stephens, La.App., 90 So.2d 501; Jantz v. Long Bell Petroleum Co., Inc., 229 La. 821, 86 So.2d 918; Lenard v. Shell Oil Co., Inc., 211 La. 265, 29 So.2d 844; International Paper Co. v. Louisiana Central Lumber Co., 202 La. 621, 12 So.2d 659; Marks v. Collier, 216 La. 1, 43 So.2d 16; Miller v. Albert Hanson Lumber Co., 134 La. 225, 63 So. 883.
In a slander of title action, the question of title is not at issue, except incidentally and in order to establish whether plaintiffs have the corporeal possession of, and are possessing, the property as owners. Accordingly, plaintiffs base their claim of title and ownership on a chain of title emanating from the United States Government through a certificate ’of title dated August 2, 1842, conveying the whole of the aforesaid section to one John Page, plaintiffs’ ancestor in title, who, on April 27, 1857, granted a right of way or servitude for a railroad over and across said land to the Vicksburg, Shreveport & Texas Railroad Company, predecessor to the Vicksburg, Shreveport & Pacific Railroad Company and the Illinois Central Railroad Company. Possession of the minerals and mineral rights on the aforesaid land, as owners, is claimed by plaintiffs by virtue of their title to both land and minerals and by their actual physical corporeal possession of said property.
The documentary evidence discloses the aforesaid grant to John Page by the United States Government and the right of way grant to the Railroad Company by John Page, as well as title in plaintiffs by conveyances originating with John Page. No other alienation, of either land or minerals under the aforesaid tract, is shown to have been made by either plaintiffs or their ancestors in title. Consequently, plaintiffs have established, at least, prima facie, and sufficient to maintain this action, ownership of the land and, therefore, of the minerals and mineral rights appertaining thereto, as the ownership of the soil carries with it the ownership of all that is directly above and underneath it. LSA-C.C. Art. 505. While possession properly applies only to a corporeal thing, movable or immovable, the possession of incorporeal rights, such as servitudes and other rights of that nature, is only a quasi possession and is exercised by the species of possession of which these rights are susceptible. LSA-C.C. Art. 3432. Oil, gas and mineral leases, and contracts applying to and affecting these leases or the right to reduce oil, gas and/or other minerals to possession, together with the rights, privileges and obligations resulting therefrom, are classified as real rights and incorporeal immovable property, which may be asserted, protected and defended in the same manner as may be the ownership or possession of other immovable property by the holder of these rights in any action, or by any procedure, available to the owner of immovable property or land. LSA-R.S. 9:1105.
 As oil and gas, by their fugitive nature, are not susceptible of actual occupancy and physical possession so long as they remain in the ground, ownership of the land, with the right to mine and otherwise explore for production, coupled with the actual physical corporeal possession through another who holds and exercises possession for and under authority of the owner, constitutes sufficient possession to maintain and support an action for slander of title. One may possess a thing not by oneself but also by or through other persons. LSA-C.C. Art. 3433. For instance, it was stated in Allison v. Maroun, 193 La. 286, 190 So. 408, that a lessee in *751 possession under a mineral lease holds possession for and under the lessor and that the lessee’s possession inures to the lessor. Where the owner of the land, also claiming ownership of the mineral rights thereunder, possesses under a title making no reservation or mention of any previous reservation of the mineral rights, his possession of the land likewise constitutes possession of the mineral rights. Allison v. Wideman, 210 La. 314, 26 So.2d 826, 829; Childs v. Porter-Wadley Lumber Co., 190 La. 308, 318, 182 So. 516, 519.
It is likewise well established in our jurisprudence that one having possession of the surface of a tract of land as owner may maintain a jactitation suit against one who slanders his title by claiming mineral rights in the land. Dixon v. American Liberty Oil Co., 226 La. 911, 77 So.2d 533; Ware v. Baucum, 221 La. 259, 59 So.2d 182; Lenard v. Shell Oil Co., supra; International Paper Co. v. Louisiana Central Lumber Co., 202 La. 621, 12 So.2d 659; Frost-Johnson Lumber Co. v. Sailing’s Heirs, 150 La. 756, 91 So. 207.
We, therefore, hold that the actual physical corporeal possession held and exercised by the Railroad Company under the grant by plaintiffs’ ancestor in title is possession for and under plaintiffs and inures to their benefit, and that such possession, with plaintiffs’ ownership of and the right to mine, drill and otherwise explore for the minerals thereunder, constitutes isufficient possession upon which an action for slander of title may be predicated.
Defendants further contend that, as the owners of property adjacent and contiguous to both sides of the railroad right of way, they are the owners of the minerals ■underneath the right of way and eventually, if and whenever, if ever, the right of way ■is abandoned by lapse of time or deed, they will become the owners of the fee •simple title in and to the property of the right of way. No authority is cited in support of this proposition, which, to us, appears to be wholly without merit and which we deem unsound and untenable.
Additionally, defendants claim to be in possession of the minerals and mineral rights on account of the execution of the aforesaid leases and the unitization delaration and the division order appertaining thereto. It is to be observed, however, that no actual corporeal possession has been taken or exercised by defendants pursuant to these instruments. The apparent erroneous inclusion of this property under the leases executed by the owners of adjacent property and its subsequent inclusion in a unit prescribed by the Commissioner of Conservation and the production of oil, gas and other minerals under such authority in the unit but outside the tract in question, is insufficient to deprive the true owners of either title or possession.
Such possession as asserted by defendants, at the ’most, could only constitute constructive possession. Such constructive possession would not oust or deprive another of actual possession or supplant actual possession in him. It is evident that neither Hirsh nor the Tri-State Realty Company, having neither ownership nor possession, could convey neither title nor possession to their lessees. It has been held that constructive possession, exercised by a claimant through operations on other portions of a larger tract included within its description the disputed acreage, was insufficient to constitute an interruption of the civil possession exercised by an adverse possessor following the latter’s actual physical corporeal possession of the acreage involved. Case v. Jeanerette Lumber & Shingle Co., Inc., La.App., 79 So.2d 650. See the authorities therein cited, as well as LSA-C.C. Arts. 3442, 3443 and 3444.
Next for consideration is the relief prayed for in plaintiffs’ answer to the appeal. Plaintiffs contend that upon defendants’ default in instituting an action in revendication, the aforesaid leases, which constitute a cloud upon their title and which *752 slander their possession, should be canceled and erased. The effect of the judgment, in the event of such default, is that the leases are null and void and without any force or effect. Their erasure and cancellation would he a mere incident to and a formality in the execution of the judgment. Dixon v. American Liberty Oil Co., supra. The leases, therefore, on defendants’ failure to institute an action in revendication, should be canceled and erased.
We note, however, that the judgment ordered the institution of the action in revendication within six months, presumably from the date of the judgment of April 27, 1956. That delay has expired. The judgment will, accordingly, be amended to permit such filing within a delay commencing with the date the judgment becomes final.
For the reasons given, It Is Ordered, Adjudged and Decreed that plaintiffs, Webb P. Lawton, Walter H. Lawton, Alton C. Lawton and S. O. Lawton, have and recover judgment against the defendants, Helen C. Ballard Anthony, doing business as States Oil Company, Moise S. Hirsh, George T. Monsour, and Tri-State Realty Company, recognizing plaintiffs’ possession of the land and minerals thereunder, described as follows:
A tract of land 150 feet wide lying east of Paige Road in South Half of Section 19, Township 17 North, Range 15 West, Caddo Parish, La., the center line of said tract of land beginning at the center of said Paige Road 467.5 feet north of south line of said Section 19 and running thence south 84° 20' east 108 feet to point of curve; thence along the arc of curve 0° 32.5' to the left 2300 feet to point of tangent; thence north 83° 10' east 696 feet to point on east line of said Section 19, 609 feet southeast of the corner thereof; on which land is located the right of way of the Vicksburg, Shreveport & Texas Railroad Company and its successors, the Vicksburg, Shreveport & Pacific Railroad Company and the Illinois Central Railroad Company; (less Right of Way of Texas & Pacific Railroad), containing 9.58 acres, and as per map thereof made by Van A. Barnett, Civil Engineer, attached to and made part of plaintiffs’ petition and of the record in this cause.
It Is Further Ordered, Adjudged and Decreed that the above named defendants, collectively or individually, institute a peti-tory action against the plaintiffs in revendi-cation of their titles to the land involved in this suit and to the minerals and mineral rights on, in and under the same within 90 days from the date this judgment becomes final, and, in default of such suit or suits being instituted within the aforesaid delay, that defendants be forever thereafter barred from setting up any title to the land above described or to the minerals and mineral rights on, in and under the same, and that plaintiffs be empowered to cause the Clerk of Court for Caddo Parish, Louisiana, to erase from the Conveyance Records of said Parish—
(1) That certain oil, gas and mineral lease executed by William S. Hirsh November 10, 1949, to and in favor of Frank J. Hall, recorded in Book 610, Page 227 of the Conveyance Records of Caddo Parish Louisiana, and
(2) That certain oil, gas and mineral lease executed by Tri-State Realty Company March 16, 1951, to and in favor of W. F. Addison, recorded in Book 640, Page 596 of the Conveyance Records of Caddo Parish, Louisiana, insofar as said leases and inscriptions affect the property hereinabove described.
It Is Further Ordered, Adjudged and Decreed that the judgment appealed, as amended and recast, be and it is affirmed, and that the defendants pay all costs, including the cost of this appeal.
Amended and affirmed.