CULPEPPER, Judge.
This tort action was instituted by the father and mother of the minor, Wilmer Nash, Jr., for damages for personal injuries to the minor allegedly resulting from two separate accidents caused by the negligence of the employees of the defendant, Rapides Parish School Board. Suit was filed under authority of Act 122 of 1958 with reference to the injuries received on or about March 29, 1957, and Act 112 of 1959 with reference to injuries received on or about January 15, 1958, which Acts respectively authorized plaintiffs to file suit against the Rapides Parish School Board for said damages, waived defendant’s immunity from suit and provided a prescriptive period, within which this suit was filed. From a judgment sustaining an exception of no cause of action and dismissing their suit the plaintiffs prosecute this appeal.
Defendant’s exception of no cause of action is based on the contention that the two cited Acts of the Legislature of the State of Louisiana waive only immunity of the defendant from suit but do not waive immunity from liability. In disposing of the exception the trial court cited Duree v. Maryland Casualty Company et al., 238 La. 166, 114 So.2d 594 and Stephens v. Natchitoches Parish School Board, 238 La. 388, 115 So.2d 793, which held that legislative authorization to sue the State, or an agency thereof, in an action ex delicto constituted merely a waiver of immunity from suit and did not waive governmental immunity from liability for the negligence of an employee, and furthermore that any attempted legislative waiver of immunity from liability would be unconstitutional under the provisions of Art. 3, Sec. 35 of the Constitution of Louisiana as amended by Act 385 of 1946, L.S.A. The lower court’s judgment in the instant case was rendered on May 9, 1960, at which time the Duree and Stephens *545 cases were unquestionably controlling, and the judgment appealed from was correct under the law which existed at the time it was rendered.
However, on November 8, 1960, a constitutional amendment was adopted changing Art. 3, Sec. 35, so as to read in pertinent part as follows:
“§ 35. Suits against the state, its agencies or political subdivisions.
“Section 35. The Legislature is empowered to waive, by special or general laws or resolutions, the immunity from suit and from liability of the state, and of parishes, municipalities, political subdivisions, public boards, institutions, departments, commissions, districts, corporations, agencies and authorities and other public or governmental bodies; and each authorization by the Legislature for suit against the State or other such public body, heretofore and hereafter enacted or granted, shall be construed to be and shall be effective and valid for all purposes, as of and from the date thereof, as a waiver of the defendant’s immunity both from suit and from liability. * * In the case of any such claim on which suit heretofore has been authorized by the Legislature, and the suit was dismissed on the ground that the defendant’s immunity from liability had not been waived, another suit on the same claim may be filed at any time prior to January 1, 1962, and such suit shall not be subject to the defense of res judi-cata based on the dismissal of the prior suit on such claim. (As amended Acts 1960, No. 621, adopted Nov. 8, I960.)”
The obvious purpose of the 1960 Amendment to Art. 3, Sec. 35 of the Constitution was to overrule the Duree and Stephens cases. We therefore find that after rendition of the judgment appealed from the law changed and the first issue for determination is whether we must give effect to the law which existed when the judgment was rendered in the lower court or according to the law in effect at the time this case is disposed of by us on review. A general statement of the law on this issue is found in 5B C.J.S. Appeal & Error § 1841, pp. 244-245, as follows:
“The effect of a change in the law, during the pendency of an appeal, on the determination and the disposition of the cause by the appellate court has given rise to many diverse and some conflicting decisions, but the difference in treatment is affected often by the nature of the change in the law. The courts are agreed that an appellate court will not by its decision allow a change in the law during the pendency of an appeal to affect vested rights, that it will give effect, according to its terms, to a statute enacted while the appeal was pending and expressly intended to apply, or not to apply retroactively, * *
Louisiana cases on this issue include Allison et al. v. Wideman et al., 210 La. 314, 26 So.2d 826 where the plaintiffs included majors and a minor who sought to be declared owners of a mineral interest on the grounds that ten years prescription lider-andi causa had been suspended during the minority of the minor plaintiff. According to the jurisprudence at the time the suit was decided in the lower court, such prescription was suspended as to all co-proprietors during the minority of any one of said co-proprietors, but while the case pending on appeal the Legislature passed an Act overruling this jurisprudence and declaring that if among co-proprietors of a mineral interest there is one against whom the liberative prescription cannot run, nevertheless the liberative prescription shall run against the co-proprietors who are not under legal disability. The Supreme Court applied the law in effect at the time of its decision on appeal and reversed the judgment of the lower court although its judgment on this issue was correct at the time of rendition. See also Hymel v. Central Farms and Shipping Company, 183 La. 991, 165 So. 177, and Garlick v. Dalbey, 147 La. 18, 84 So. 441, for similar holdings.
*546 It is our opinion that in the instant case we must give effect to the law as it exists at the time of our decision on appeal. This result not only seems proper under the above authorities, but appears to be expressly indicated by the language of the 1960, Amendment to Art. 3, Sec. 35 giving it retroactive effect. The 1960 Amendment states that “each authorization by the Legislature for suit against the State or other such public body, heretofore and hereafter enacted or granted, shall be construed to be and shall be effective and valid for all purposes, as of-and from the date thereof, as a waiver of defendant’s immunity both from suit and from liability.” Under this language it is our opinion that the present authorizations for suit must be construed as effective from their respective dates as a waiver of immunity both from suit and from liability although the said acts admittedly did not mention a waiver of immunity from liability.
For the reasons assigned, the judgment appealed from is reversed and this case is remanded to the lower court for further proceedings. All costs of this appeal are assessed against the plaintiffs.
Reversed and remanded.