O’NIELL, Chief Justice.
 

 The question in this case is whether an owner of a mineral lease may maintain an action for slander of title without having possession of the leased premises, but basing his right of action upon the possession held by the lessor.
 

 The plaintiff has a mineral lease on 40 acres of land which his lessors possess as owners. He has never exercised any right of possession as lessee. He avers that the defendants are slandering his title to the lease by claiming that they own the land. The defendants filed exceptions of no cause or right of action and of nonjoinder of the lessors as plaintiffs. The exceptions were overruled. The defendants pleaded also that the plaintiff had no right of action because he and his lessors were not in possession of the land. The defendants asked to have the question of possession determined in limine. The judge ordered a hearing on the question of possession alone; and at the hearing the plaintiff proved that his lessors were in possession of the land, cultivating it as a cotton farm. The judge held that the jactitation suit was properly founded upon the possession held by the lessors. The judge therefore overruled the defendants’ plea of want of possession in the plaintiff through his lessors. The defendants refused to file an answer to the suit; hence judgment went against them by default, ordering them to institute a petitory action against the plaintiff within thirty days, and declaring that, if the defendants, failed to bring the suit within that time, the plaintiff would be recognized as the true and lawful owner of the mineral lease, so far as the defendants in this suit are concerned. The defendants (except one who made no appearance in the case) are appealing from the decision.
 

 The judgment appealed from is based upon Act No. 205 of 1938, which provides :
 

 “That oil, gas and other mineral leases, and contracts applying to and affecting such leases or the right to reduce oil, gas or .other minerals to possession, together with the rights, privileges and obligations resulting or flowing therefrom, are hereby defined and classified as real rights and incorporeal immovable property, and may be asserted, protected and defended in the same manner as may be the ownership or possession of other immovable property by
 
 *291
 
 the holder of such rights, without the concurrence, joinder or consent of the landowner, and without impairment of rights of warranty, in any action or by any procedure available to the owner of immovable property or land.
 

 “Section 2. That this Act shall apply to all such transactions whether entered into prior to the passage of this Act or not.”
 

 The plaintiff invokes the cardinal rule of statutory construction, as expressed in article 18 of the Civil Code, that the universal and most effectual way of discovering the true meaning of a law, if its expressions are doubtful, is to consider the cause which induced the Legislature to enact it. It is a matter of general knowledge, and is conceded by all parties to this suit, that the cause which induced the Legislature to enact Act No. 205 of 1938 was the decision in Gulf Refining Co. v. Glassell, 186 La. 190, 171 So. 846, that the holder of a mineral lease had not a real right on the leased land and therefore could not institute successfully a petitory or possessory action. That the statute was enacted in consequence of that decision is emphasized by the provision in the second section, that the act shall apply as well to leases made previous to the passage of the act as to leases made afterwards. But this cause, which induced the Legislature to enact this law is not an indication that it was intended to confer upon the holder of a mineral lease a right of action for slander of his title to the lease, unless he is in possession or in the exercise of his right of possession of the leased premises. The statute, stripped of the words that are not relevant to this case, merely defines and classifies mineral leases as real rights, or incorporeal immovable property, and declares that they may be asserted, protected or defended by the holders of such rights, without the concurrence or consent of the landowner, “in the same manner as may be the ownership or possession of other immovable property,” and “in any action or by any procedure available to the owner of immovable property or land.” That does not mean that the owner of a mineral lease shall have any and every right of action, to assert or defend his title to the lease, that his lessor has to assert or defend his title to the land. It means that, as far as real actions are concerned,- — being the petitory and possessory action and the action for slander of title or to establish title, — the holders of mineral leases have the same rights of action, to assert or to defend their titles to the lease, that landowners in general have, to assert or to defend their titles to the land, but under the same restrictions and conditions. That interpretation of the statute is indicated, if not made plain, by the declaration that the ownership or possession of mineral leases may be asserted or defended “by the holder of such rights * * * in any action or by any procedure available to the owner of * * * land.” In other words, a right of action, — to maintain a petitory or possessory action or an action for slander of title or -an action to establish title, — is not
 
 available
 
 to the holder of a mineral lease unless, under the same conditions, the right of action would be
 
 available
 
 to an owner of land. It is well settled — and is not disputed — that a
 
 *293
 
 landowner cannot maintain an action for slander of title unless he is in the actual possession of his land. There is no reason why an owner of a mineral lease should have a better right in that respect than a landowner has. A lessee, in possession under a mineral lease, holds possession for and under the lessor; but the converse of the proposition is not true. A lessor, in possession of land subject to a mineral lease, does not hold possession for or under the lessee. A lessee’s possession may inure to the lessor; but a lessor’s possession does not inure to the lessee. That rule is not changed or affected by the act of 1938.
 

 But for the act of 1938 there would be some doubt whether a mineral lease is susceptible of such possession as to permit the lessee to maintain an action for slander of title. We say this because in article 3432 of the Civil Code it is declared that
 
 possession
 
 applies
 
 properly
 
 only to corporeal property, either movable or immovable, and that the possession of incorporeal rights, such as servitudes, is only a quasi possession, and is exercised by the species of possession of which these rights are susceptible. See Connell v. Muslow Oil Co., 186 La. 491, 172 So. 763. The kind or species of possession of which a mineral lease is susceptible, or the way in which the lessee may exercise his right of possession, is by drilling or exploring for the minerals, and taking possession of such as he may discover. In deciding the present case, therefore, it may be assumed that a holder of a mineral lease may, under the provisions of Act No. 205 of 1938, maintain an action for slander of his title, if he is actually exercising his right of possession of his “incorporeal immovable property.” But the act of 1938 does not exempt the holder of a mineral lease from the condition that he must be in possession of his “incorporeal immovable property” in order to maintain an action f'or slander of title; the statute does not allow him to base such a right of action upon the possession held by his lessor.
 

 The judge of the district court, in his written opinion in this case, maintains that the law makes this distinction between the right of a landowner to maintain an action for slander of title, and the right of the owner of incorporeal immovable property to maintain such an action: That, whereas the landowner must have actual possession, the owner of a real right needs only the
 
 enjoyment
 
 of his right, to maintain an action for slander of title. The judge cites article 47 of the Code of Practice and article 3454, subd. 2, of the Civil Code, on the subject of the possessory action. The only analogy between the possessory action and the action for slander of title is that neither one of these actions can be maintained by an owner who is not in possession of his property. Crowell & Spencer Lumber Co. v. Burns, 191 La. 733, 186 So. 85.
 

 Article 47 of the Code of Practice provides :
 

 “The possessors entitled to bring these actions [meaning possessory actions] are those who
 
 possess
 
 as owners.
 

 
 *295
 
 “Persons entitled to the usufruct or to the use of a real estate, and others having real rights growing from such real estate, may also bring their [possessory] action, when disturbed in the
 
 enjoyment
 
 of their rights.” [The italics are by the writer of this opinion].
 

 Article 3454, subd. 2, of the Civil Code, on the subject of the possessory action, provides:
 

 “That every person who has
 
 possessed
 
 an estate for a year, or
 
 enjoys
 
 peaceably and without interruption a real right, and is disturbed in it, has an action against the disturber, either to be maintained in his. possession, or to be restored to it, in case of eviction, whether by force or otherwise.” [The italics are by the writer of this opinion].
 

 The word “enjoy,” in these articles of the Codes, has the same meaning, in reference to an owner of a real right, that the word “possess” has in reference to an owner of land. Article 3454 of the' Revised Civil Code was numbered 3417 in the Code of 1825, and is a literal translation of the French text. In the French text the word
 
 joui,
 
 which is a form of the verb
 
 jouir,
 
 is used. The .word
 
 jouir,
 
 according to Spiers & Surenne’s French Pronouncing Dictionary, means:
 
 “to enjoy; to have the enjoyment of; to possess.”
 
 In Webster’s New International Dictionary, one of the definitions of the word
 
 enjoy
 
 is
 
 “to have, possess,”
 
 and another definition is
 
 “to occupy or have the benefit of.”
 
 In Black’s Law Dictionary, the word
 
 enjoyment
 
 is defined as
 
 “the exercise of a right.”
 
 In Ballentine’s Law Dictionary, the term
 
 adverse enjoyment
 
 is defined as
 
 “The use of an easement under a claim of right.”
 

 In every action for slander of title the defendant has the right to convert the suit into a petitory action, in which he becomes the plaintiff and the original plaintiff becomes the defendant. Sherburne, Receiver, v. Iberville Land Co., La.Sup., 190 So. 227. If the defendant in an action for slander of title fails or refuses to challenge the plaintiff’s title, and if the plaintiff proves that he is in the actual possession of the property, the only appropriate judgment to be rendered is one allowing the defendant a fixed time in which to bring a petitory action against the plaintiff, in default of which the plaintiff’s title is to be confirmed, Siegel v. Helis, 186 La. 506, 172 So. 768; Ludeau v. Jacob, La.Sup., 189 So. 570. The defendants in this case could not convert the suit into a petitory action, or bring a petitory action against the plaintiff, because one of the essential elements of a petitory action is that it is brought against one who is in the actual possession of the property. The judgment rendered in this case orders the defendants to bring the petitory action against the plaintiff. The judge could not have ordered the defendants to bring the petitory action against the landowners, or lessors, in possession of the land, because they are not parties to the suit; and in fact if the plaintiff had a right to maintain the action according to the provisions of Act No. 205 of 1938 the landowners or lessors would not be necessary parties to the suit. Our
 
 *297
 
 conclusion therefore is that the plaintiff has no right of action for slander of title.
 

 The plaintiff is not without a remedy, under the provisions of Act No. 205 of 1938. His remedy is provided for specifically in Act No. 38 of 1908, which provides for the institution of suits to establish title to real estate where none of the parties is in the actual possession of the property.
 

 The judgment against .the appellants is annulled and reversed; their exception of no right of action is sustained; and the plaintiff’s suit against them is dismissed at his cost.