**ANGICHIODO v. CERAMI et al.**

No. 107.

District Court, W. D. Louisiana,
Alexandria Division.

Aug. 14, 1939.

Philo Coco, of Marksville, La., for plaintiff.

Ledoux R. Provosty, of Alexandria, La., for defendants Sid W. Richardson and W. D. Haas, Jr.

McCoy, King & Jones, of Lake Charles, La., for Hub Royalty Co.

PORTERIE, District Judge.

This suit is instituted by plaintiff, Guisseppe (Joe) Angichiodo, of Los Angeles County, California, to be declared owner in full title and to have cancelled and erased from the Records of Avoyelles Parish certain oil, gas and mineral sales and leases on eighty acres of land situated in Avoyelles Parish, being described as the west half of northeast quarter of section No. 6, township 2 south, range 3 east, Southwestern Land District of Louisiana.

Plaintiff acquired this property from Thad Moore and others, December 11, 1918, by vendor's lien deed; Mrs. Angelo Oddo, mother of Sam Cerami and mother-in-law of plaintiff, acquired said vendor's lien, foreclosed thereon and purchased the property at sheriff's sale on March 30, 1926 (it is admitted by plaintiff that this was a valid acquisition); Mrs. Angelo Oddo conveyed this property by vendor's lien deed to her daughter, Rosario Cerami Angichiodo, on October 28, 1927; Mrs. Rosario Cerami Angichiodo reconveyed this property to Mrs. Angelo Oddo on October 18, 1934; Mrs. Angelo Oddo died on June 30, 1935; Rosario Cerami Angichiodo, joined by her husband, plaintiff herein, reciting one-half of this property as having been inherited by Sam Cerami from Angelo Oddo, conveyed the other one-half to Sam Cerami, July 1, 1935; in a judgment rendered in the Succession of Mrs. Angelo Oddo, No. 4340 on the Probate Docket of Rapides Parish, recorded in Avoyelles Parish, Sam Cerami and Mrs. Rosario Cerami Angichiodo were recognized as the owners of this and other property in the proportion of an undivided one-half interest to each, August 20, 1935; by formal authentic partition, Mrs. Rosario Cerami Angichiodo, joined by the plaintiff herein, on August 21, 1935, set aside this property to Sam Cerami as his portion of the estate of his mother, Mrs. Angelo Oddo.

After the property went through the above story in the alienation records, the

three defendants herein, each one having moved to dismiss because no relief can be granted to plaintiff against him, acquired oil and mineral rights, as follows:

(a) Hub Royalty Co. from one John H. Todd; and Todd having acquired from Sam Cerami.

(b) S. W. Richardson, from W. D. Haas, Jr., and W. D. Haas, Jr., having acquired from Sam Cerami.

(c) W. D. Haas, Jr. from Sam Cerami.

(d) W. D. Haas, Jr. from Sam Cerami (agreement to convey).

Parties (a), (b), (c), (d), the movers herein, bought on the face of the alienation records, in good faith, and for valuable consideration. Each holds his title from Sam Cerami. Plaintiff does not allege in them any bad faith, any knowledge of hidden equities, nor any fraud.

Plaintiff alleges as the main grounds of his suit that:

1. The property was once acquired by the community, of which he is head and master, and, alleging the subsequent conveyance to the mother, Mrs. Oddo, signed by his wife to be a nullity, he claims the property is still vested in the community.

2. Although subsequent to the conveyance by his wife, plaintiff signed and executed two instruments joining his wife in the conveyance of this property to Sam Cerami, and in the latter one, additionally, disclaimed title, he was induced to sign these instruments by fraud practiced on him by Sam Cerami.

The Court is of the opinion that Sam Cerami had a valid title, whether the property was the separate or the community property of Rosario Cerami Angichiodo.

■ If the property was the separate property of Rosario Cerami Angichiodo, she conveyed, and had a right to convey, the same without the assistance or authority of her husband. Act No. 283 of 1928. If separate property, the reconveyance to Angelo Oddo was valid because the signature of plaintiff was not necessary. By the same token, the two subsequent conveyances by Rosario Cerami Angichiodo to Sam Cerami, in vendor's capacity as heir of Angelo Oddo, did not require the signature of her husband, the plaintiff herein.

■ If the property was community but standing in the wife's name, then for a conveyance thereof the signatures of both the husband and wife were needed. Art. 2334, Louisiana Civil Code. This requirement is fulfilled in both conveyances to Sam Cerami, because the plaintiff joined his wife and his signature appears each time. There is no dispute that he did in fact sign the instruments; the only dispute is whether the signature was induced by fraud.

■ In the judgment placing Sam and Rosario, the two heirs, in possession, there appears after the description this significant recital: "this being land owned by Angelo Oddo, of Cheneyville, La. who is now deceased, and these two parties Vendor and Vendee being her only heirs, this deed is made for purpose of dividing property." This instrument is signed by "Jos. Angichiodo" underneath the statement "I authorize my wife to sign."

In the subsequent formal partition, dated August 21, 1935, by authentic act, plaintiff intervenes in the following language: "And to these presents also came and appeared Joseph Angichiodo, husband of Mrs. Rosario Cerami, one of the appearers hereto, appearing herein for the purpose of aiding and assisting his said wife in said partition, and for the purpose of assenting to said partition and division in all of its parts, particulars and conditions, *without any reservation, interest or claim on his part.*" (Italics supplied)

Under the above solemn declaration made by the plaintiff herein, in two separate and distinct instruments, this property, whether separate or community, is admitted by plaintiff as having passed to Angelo Oddo and as being owned by her at her death. This is true because in the first instrument it is recited by plaintiff that "this being land owned by Angelo Oddo", and it is further recited that Rosario Cerami Angichiodo and Sam Cerami were the sole and only heirs of the deceased.

Third parties have taken the plaintiff at his word. Before a notary and two subscribing witnesses, he appeared in what the civil law designates an authentic act. These authentic acts were recorded in the alienation records of the parish of the situs of the property. When movers bought, three years had elapsed since the recordation of partition by authentic act, in which act the plaintiff appeared and disavowed any interest or right.

No more solemn and binding statement could be made affecting property rights, for the Louisiana Civil Code says:

Art. 2440. "All sales of immovable property shall be made by authentic act * * *.

"Except as provided in Article 2275, every verbal sale of immovables shall be null, as well for third persons as for the contracting parties themselves, and the testimonial proof of it shall not be admitted."

Art. 2234. "The authentic act, as relates to contracts, is that which has been executed before a notary public or other officer authorized to execute such functions, in presence of two witnesses, aged at least fourteen years, or of three witnesses, if a party be blind. If a party does not know how to sign, the notary must cause him to affix his mark to the instrument.

"All proces verbal of sales of succession property, signed by the sheriff or other person making the same, by the purchaser and two witnesses, are authentic acts."

The allegations of fraud are directed against Sam Cerami only and have no effect against the movers. The law is that the movers herein are not affected by any secret equities that might exist between Sam Cerami and the plaintiff. The Civil Code of Louisiana, Article 2266, says:

"All sales, contracts and judgments affecting immovable property, which shall not be so recorded, shall be utterly null and void, except between the parties thereto. The recording may be made at any time, but shall only affect third persons from the time of the recording.

"The recording shall have effect from the time when the act is deposited in the proper office, and indorsed by the proper officer."

The jurisprudence has been repeated and reiterated, again and again. In the recent case of Chachere et al. v. Superior Oil Company et al., 192 La. 193, 187 So. 321, the following is found: "It is the well settled jurisprudence of this state that third persons dealing with immovable property have a right to depend upon the faith of the recorded title thereof and are not bound by any secret equities that may exist between their own vendor and prior owners of the land." There is then cited the well-known and leading case of McDuffie v. Walker, 125 La. 152, 51 So. 100, with over a dozen other cases.

An oil and mineral lease, or a royalty interest, is an interest in real property and is governed by the same rule as that which governs property rights. Jefferson v. Childers, 189 La. 46, 179 So. 30; Baird v. Atlas Oil Company, 146 La. 1091, 84 So. 366; Goldsmith v. McCoy, 190 La. 320, 182 So. 519.

Accordingly, as no relief can be granted, judgment will be signed sustaining the motions to dismiss the action of plaintiff against the three defendants, Hub Royalty Co., W. D. Haas, Jr., and S. W. Richardson.