O’NIELL, Chief Justice.
 

 This case is a sequel of Cerami v. Haas, 195 La. 1048, 197 So. 752. In that case Sam Cerami, who is the defendant in this case, brought suit against W. D. Haas, Jr., who is the plaintiff in this case, to cancel and erase from the conveyance records of the Parish of Avoyelles an instrument addressed to Haas and signed by Cerami, as follows:
 

 “November 1, 1938
 

 “Mr. W. D. Haas, Jr.,
 

 “Bunkie, La.
 

 “This will confirm our verbal understanding regarding title of the West % of NE Quarter, of Sec. 6, T 2 S. R. 3 East, Avoyelles Parish, La. It is understood and agreed that we will execute royalty deed for an additional one-quarter of the royalty interest under the above described land; upon perfection of title defects now being straightened out. The price to be as formerly agree [d] upon, or $30.00 per acre base.
 

 “Very truly yours,
 

 [Signed] : “Sam Cerami.”
 

 Cerami complained in his suit against Haas that the recording of the letter was a slander of Cerami’s title and interfered with his right to sell or otherwise dispose of his property. Hence Cerami characterized his suit against Haas as an action for slander of title. He averred that the instrument which Haas had placed on record was null for the reason that it was given without consideration, and for the further reason that it was not signed or accepted by Haas.
 

 Haas filed an exception of no cause or right of action in Cerami’s suit against him, and the exception was sustained by the district court. On appeal the judgment dismissing Cerami’s suit for want of a right of action was affirmed, on the ground that the instrument in question was an offer on the part of Cerami to sell the royalty interest to Haas at the price stated, and that the recording of the instrument by Haas was an acceptance of the offer, and created a valid contract. The court therefore held that Cerami’s only right of action was to sue for specific performance of the contract.
 

 When the judgment rendered in Cerami v. Haas had become final, Haas tendered to Cerami the price stipulated in the agreement, amounting to $600, and on Cerami’s refusal to accept the money Haas deposited it in the registry of the court, and brought this suit against Cerami to compel specific performance of the agreement. Cerami answered by repeating his contention that the instrument was not a valid contract, for the reasons for which he had made the same contention in his suit against Haas. Haas pleaded in his petition in the present suit that the judgment rendered in the suit of Cerami v. Haas had settled finally the question of validity of the instrument sued
 
 *617
 
 •on, and that its validity was therefore res judicata. The judge, after hearing the case on its merits, gave judgment for Haas, ordering Cerami to transfer to Haas the one-fourth royalty interest for the $600 which Haas had deposited in the registry of the court, and ordering the clerk of court to pay the $600 to Cerami. It was declared in the judgment that if Cerami should fail to comply the judgment should stand as a conveyance of the royalty interest to Haas. Cerami is appealing from the decision.
 

 The principal argument of the' appellant is that the question of validity or invalidity of the instrument which Haas is seeking to enforce was not an issue in the case of Cerami v. Haas, and hence that the court did not have jurisdiction in that case to declare the instrument valid. Cerami relies mainly upon the decision in Siegel v. Helis et al., 186 La. 506, 172 So. 768, where it was held that if the defendant in a jactitation suit, or action for slander of title, does not answer or otherwise plead to the suit, and if the plaintiff; takes judgment against him by default, the only judgment that can be rendered is a judgment ordering the defendant to bring a petitory action within the time stipulated in the judgment or forever hold his peace. That doctrine was affirmed in Allison v. Maroun, 193 La. 286, 190 So. 408, and in City of Shreveport v. Kahn, 194 La. 55, loc. cit. 66, 193 So. 461, and in Crowell & Spencer Lumber Co. v. Burns, 191 La. 733, loc. cit. 737, 186 So. 85. But the doctrine of those cases has-no application here, because in the case of Cerami v. Haas the question of validity or invalidity of the instrument in contest was put at issue by the assertion of Cerami that the instrument was not a valid contract, and by the pleading of Haas that the petition did not set forth a right of action because the instrument was a valid contract. The question whether the instrument was a valid contract was the only issue in the case of Cerami v. Haas, and the court decided that the instrument was a valid contract and that Cerami had no right of action except to enforce specific performance of the contract. In consequence of that decision Haas has a right of action for specific performance of the contract.
 

 Even if the validity of the contract sued on in this case should not be considered, strictly speaking, res judicata, by the judgment rendered in the case of Cerami v. Haas, that judgment, as far as it went, settled finally the law of the case. Keegan v. Board of Commissioners, 154 La. 639, 98 So. 50; Hoey v. New Orleans G. N. Railroad Co., 164 La. 112, 113 So. 785; Gosserand v. Monteleone, 164 La. 397, 113 So. 889; Martinez v. Orleans Parish School Board, 173 La. 114, 136 So. 287.
 

 When the court decided in the case of Cerami v. Haas that the filing of the instrument by Haas for registry in the recorder’s office was an acceptance of the offer made by Cerami, the court did not have before it the affidavit which Haas had made under the signature of Cerami, and on the same page, acknowledging the agreement between Cerami and Haas. When the instrument sued on was offered in evidence in the
 
 *619
 
 present case, it was offered with.the affidavit, — thus:
 

 “State of Louisiana
 

 “Parish of Avoyelles:
 

 “Before me, the undersigned authority in and for the Parish and State, personally came and appeared: 'W. D. Haas, Jr., who being first duly sworn, did depose and say: That the above and foregoing instrument and agreement was executed by Sam Cerami on the date first above written in the presence of affiant; that the said Sam Cerami executed same of his own free will.
 

 [Signed] “W. D. Haas, Jr.
 

 “Sworn to and subscribed before me this 10th day of February, 1939.
 

 [Signed] “C. E. Laborde, Jr.
 

 “Notary Public”.
 

 This affidavit, although it is not a formal acceptance on the part of Plaas, is an acknowledgment by him in writing of the verbal understanding referred to in the instrument signed by Cerami, and, taken in connection with the instrument signed by Cerami, constitutes written evidence of the agreement between the parties. In fact in the affidavit of Haas he refers to the instrument signed by Cerami as being an “agreement”. Aside from this written evidence of the agreement the acceptance by Haas was adjudged sufficient in the case of Cerami v. Haas.
 

 It appears that the statement in Cerami’s letter to Haas, that a deed for the one-' fourth royalty interest would be executed “upon perfection of title defects now being straightened out”, had reference to a suit entitled Angichiodo v. Cerami et al., then pending in the United States District Court for the Western District of Louisiana. A judgment satisfactory to Haas was rendered in that suit before the present suit was filed. 28 F.Supp. 720.
 

 Cerami contends now that the price stipulated in the instrument which he signed, amounting to $600, was “out of all proportion with the value of the” one-fourth of the royalty interest referred to in the instrument. Cerami relies upon article 2464 of the Civil Code, prescribing, among the conditions essential to a valid sale, that the price must be not so small as to be out of all proportion with the value of the thing sold. The evidence introduced by Cerami in this case shows that the royalty interest referred to has become very valuable since the agreement was made; but there is no evidence of the actual value or market value of this one-fourth royalty 'interest at the time when the agreement was made. In determining the question of adequacy of the price in a contract of sale, the value of the . thing sold or to be sold must be taken as of the date of the contract, and not at some subsequent date, Ronaldson & Puckett Co. v. Bynum, 122 La. 687, 48 So. 152. The only evidencé concerning the value of the one-fourth royalty interest in question in this case refers to its value two years after the date of the contract. On the date of the contract there was no oil or gas well drilled or being drilled on the land referred to in the agreement, or on any adjacent land. The value of a royalty interest or mineral interest in unproven land is essentially speculative. For that reason it was decided in Wilkins v. Nelson, 155 La. 807, 99 So. 607, that there was no right of
 
 *621
 
 action to annul a sale of mineral rights on the ground of lesion, under article 1860 of the Civil Code. Our opinion is that the same rule is applicable
 
 to a
 
 suit brought under the provisions of article 2464 of the Civil Code to annul a sale or an agreement for the sale of mineral rights in non-producing land, on the ground that the price, stipulated is out of all proportion to the value of the mineral rights sold or to be sold.
 

 The judgment is affirmed.