LAWRENCE v. SUN OIL CO. et al.

Civ. A. No. 1922.

District Court, W. D. Louisiana, Monroe Division.

Feb. 21, 1947.

---

Jackson & Mayer and Edward S. Robertson, all of Shreveport, La., for plaintiff.

Sholars & Gunby of Monroe, La., for defendant.

DAWKINS, District Judge.

Plaintiff, a citizen of Louisiana, sued defendants, Sun Oil Company, a New Jersey corporation, and C. H. Murphy, Jr., a citizen of Arkansas, alleging that he was the owner of a mineral lease covering certain fractional interests in lands in the parish of Richland, Louisiana; that he acquired said lease from Mrs. Irene Thomas on September 24, 1945, and had it recorded in the conveyance records on October 27th of the same year; that the lands were, in part, inherited by his said lessor from her parents and the remainder came to her

as an undivided interest in the community between her and her husband, Arthur E. Thomas; that on October 25, 1940, there was entered in said parish of Richland, Louisiana, "a judgment of separation or a mensa et thoro between the" spouses, which was recorded on the same date, but that "no judgment of divorce has ever been rendered between said parties"; and that the judgment had decreed Mr. and Mrs. Thomas to be the owners "in equal shares of all the property comprising the community", including the lands in question.

The complaint then alleged that on January 22, 1944 the husband had executed to defendant, C. H. Murphy, Jr., a mineral lease, purporting to cover all of said property, and Murphy, in turn, had assigned to defendant, Sun Oil Co., an "undivided one-half interest therein" both of which acts had been recorded and "which are made part hereof by reference for the purpose of showing rem ipsam." It was further alleged as follows:

"That the only interest in the property described in the foregoing lease which was owned by the lessor, Arthur E. Thomas, at the time he granted said lease was an undivided one-half interest in the property comprising the community of acquets and gains between him and his wife, Mrs. Irene Thomas.

"That petitioner's lessor, Mrs. Irene Thomas, has never conveyed or alienated her interest in the property owned by her as hereinabove alleged since the rendition of the judgment of separation from bed and board between her and her husband, as hereinabove alleged, except the oil, gas and mineral lease granted by her to petitioner, as alleged in article 3 hereof.

"That Sun Oil Company and C. H. Murphy, Jr., are denying the validity of the lease acquired by petitioner from his lessor, Mrs. Irene Thomas, and are denying petitioner's right to develop the property covered and affected by petitioner's lease and to receive his proportionate part of the oil, gas and minerals that may be produced from said land under the provisions of his lease."

It was also alleged that to protect the property from drainage a written agree-

ment had been made with Murphy and Sun Oil Co., permitting them "to retain control and possession of the wells drilled by them and to receive ⅞ths of all oil and gas that may be produced therefrom until they have been reimbursed for all costs of developing said property for minerals, but with the obligation to account to petitioner for his interest in such production in the event the controversy over the title should be settled in his favor. Further, that there is an actual controversy between petitioner on one side and Murphy and Sun Oil Co. on the other, as to the validity of the leases held and claimed by the respective parties.

Accordingly the prayer was for a declaratory judgment "decreeing that certain oil, gas and mineral lease acquired by petitioner from Mrs. Irene Thomas * * * to be a valid and subsisting * * * lease * * * and that petitioner as the owner thereof (is) entitled to demand and receive the fractional amounts stated of ⅞ of the oil, gas and minerals which may be produced from the lands described, and further decreeing the oil, gas and mineral lease from Arthur E. Thomas to C. H. Murphy, Jr. * * * purporting to affect and cover the above described property, null, void and of no effect as to petitioner * * *".

Defendants have moved to dismiss the complaint on the following grounds: (1) that it fails to state a claim upon which relief can be granted; (2) that the plaintiff seeks to put in issue the validity of both the lease in his favor by Mrs. Thomas to an undivided interest in the property, as well as that by Arthur E. Thomas to defendants upon the whole property; that the allegation with reference to the agreement for development during the pendency of this suit discloses that litigation is now pending, not only between the present plaintiff and defendants, but by a suit of the wife against her said husband, and the respondents here, Lawrence and several other nonresidents as lessees from the husband, and that both husband and wife are indispensable parties to a determination of their titles thus involved; (3) that in the proceeding for separation from bed and board, Mrs. Thomas "renounced all interest in the community" in her answer and that she had also executed an act of conveyance to her husband, dated October 25, 1940, recorded on the same date, transferring to him all her interest in the lands in controversy, which had been ignored in the complaint. Certified copies of the proceedings in the suit for separation and of the deed from the wife to the husband were annexed and made part of the motion. Hence, defendant contends that the issue of title in the lessee necessarily involves the whole separation proceeding, including the judgment and also the subsequent conveyance of the property to the husband, thus making both spouses indispensable parties to the present suit; and (4) that since the interest of Mr. Thomas is adverse to that of plaintiff, Lawrence, and both are citizens of Louisiana, if Thomas is made party defendant, this court would lose jurisdiction.

In the alternative, defendants demand a bill of particulars as to the grounds of invalidity of the transfer by Mrs. Thomas of her interest in all these leases to her husband, Arthur E. Thomas.

In a companion suit, Mrs. Irene Thomas, represented by the same attorneys as the plaintiff, Lawrence in the present suit, sued defendants Murphy and Sun Oil Co., likewise represented by the same firm as in the present case, her husband, A. E. Thomas, represented by other counsel, and H. D. Lawrence, her own lessee (plaintiff in the present suit) along with several other transferees of interests in the lease from Mr. Thomas to Murphy and Sun Oil Co., demanding a partition of the lands by licitation. The motion to dismiss in that case was sustained for the reason that plaintiff in the present suit was found to have a common interest with Mrs. Thomas and therefore had to be arrayed on the same side of the case with her, and that when this was done, jurisdiction would be lost because of the common citizenship of Lawrence with that of Mr. Thomas.

It therefore appears that the same issue is involved in the present case. The contention of defendants, Murphy and Sun Oil Company that the husband, A. E. Thomas, must be made a party defendant seems to be well taken, as the rights of the

lessees are dependent upon the titles of their respective lessors. The position of plaintiff that he has the right to have determined the validity of the leases from the wife to himself on the one side and from the husband to Murphy and Sun Oil Company on the other, seems to me untenable. Each of these leases contains provisions for the payment of royalties to the lessors, in fact, the agreement alleged upon by the plaintiff in the present case, shows that the funds derived from production are to be impounded to await the outcome of the litigation. It is the belief of this court that it could not render a conclusive judgment between the lessees, the present plaintiff and Murphy, et al. as to these funds without having both lessors present and a determination of the title to the property. Plaintiff clearly attempts to have his rights fixed so that he may pay Mrs. Thomas on the basis of a one-tenth and a one-half interest, whereas the defendants claim that they are bound to pay Mr. Thomas the entire royalty. In such circumstances it would appear that the husband and wife are indispensable parties just as was found with respect to Lawrence in the companion suit. See Associated Oil Co. v. Miller, 5 Cir., 269 F. 16, and authorities cited therein; South Penn Oil Co. v. Miller et al., 4 Cir., 175 F. 729; Allison v. Maroun, 193 La. 286, 190 So. 408. If Thomas is brought in, jurisdiction will be lost.

The contention of plaintiff, in effect, is that the Act No. 205 of 1938 has changed the law requiring the presence of indispensable parties because mineral leases are "defended and classified as real rights * * * and may be asserted, protected and defined in the same manner as may be the ownership or possession of other immovable property * * * without the concurrence, joinder or consent of the landowner * * *." The purpose of that statute was well known, and that was to overcome the ruling of the Supreme Court of this state in Gulf Refining Co. v. Glassell, 186 La. 190, 171 So. 846, wherein it was held that a lessee had no standing to defend or prosecute his rights as such, independently of his lessor, and that if the latter failed to become party to a suit in which the lessee sought relief, the lessee was without recourse, except in an action in warranty against his lessor. As I conceive it, the Act simply means that a lessee does not have to get the consent or join his lessor as plaintiff if the latter declines in an ordinary suit involving a lease, but that the lessee may make his lessor a party defendant and litigate the matter with all indispensable parties the same as the owner of the fee. In that event he would be entitled to assert the title of his lessor, insofar as the lease was concerned, and would have to maintain it as against any other claimant to the minerals and land, with the burden of a plaintiff in a petitory action under the state law. It is well settled that the lessee can not question the title of his own lessor where he holds under it alone, and it would seem to follow, as a corollary, that his lessor can not question that of the lessee. However, in any case where the rights of the parties are dependent upon the strength of their titles as against adverse claimants to the fee, they all should be before the court so that a judgment binding upon all may be had. Any other conclusion would render futile a suit between lessees alone since neither landowner would be bound in a case to which they were not parties. The landowners not being bound, the successful lessee, if he wished to keep his lease alive by the payment of rentals or developing and producing minerals, would have to pay the same to his lessor notwithstanding the outcome of subsequent litigation with claimants to the fee. Especially is this true where, as here, the minerals are being produced and the payment of royalties, etc. is dependent upon the outcome of the present action.

My conclusion is that Mr. Thomas is an indispensable party defendant and when brought in, this court would be without jurisdiction. The motion to dismiss will be sustained.

Proper decree should be presented.