## LAWRENCE v. SUN OIL CO. et al.
### No. 11997.

Circuit Court of Appeals, Fifth Circuit.
Feb. 20, 1948.

J. H. Jackson and Chas. L. Mayer, both of Shreveport, La., for appellant.

Allan Sholars and Geo. Gunby, both of Monroe, La., for appellees.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

LEE, Circuit Judge.

Appellant, a citizen and resident of the State of Louisiana, as plaintiff in the court below, brought this suit against the Sun Oil Co., a New Jersey corporation duly authorized to do business in Louisiana, and C. H. Murphy, Jr., a citizen and resident of the State of Arkansas. The facts upon which his cause of action rests are set forth in the petition: Appellant acquired an oil, gas, and mineral lease covering an undivided interest in certain lands situated in Richland Parish, La., from Mrs. Irene Thomas on the 24th day of September, 1945. C. H. Murphy, Jr., one of the appellees, acquired an oil, gas, and mineral lease from Arthur E. Thomas in January, 1944, covering the entire interest in said lands, and assigned a half interest therein to Sun Oil Co. Mrs. Irene Thomas was married to Arthur E. Thomas in Richland Parish on June 1, 1932. During the existence of the marriage all of the lands were acquired except a 1/10 interest in certain of them which Mrs. Thomas inherited from her parents. In October, 1940, a judgment of separation was rendered in a suit by Arthur E. Thomas against Mrs. Irene Thomas in the District Court of Richland Parish, La., which judgment decreed the parties thereto to be the owners in equal shares of the property belonging to the marital community. Following said judgment, Mrs. Irene Thomas owned in the properties the 1/10 interest which she had inherited, plus 1/2 of the interest acquired during marriage. Appellees deny the validity of appellant's lease. They are in possession of and are developing the property pursuant to agreement that after reimbursing themselves for all costs of drilling wells, they will account to appellant for his interest in any remaining fund should he be successful in establishing his alleged leasehold rights in the lands. Appellant prayed for judgment against appellees (1) decreeing the lease acquired by him from Mrs. Thomas to be a valid and subsisting oil, gas, and mineral lease, covering the undivided interest asserted by him; (2) decreeing him entitled to receive the fractional amount of the 7/8 oil, gas, and other minerals produced from the land; and (3) decreeing the lease from Arthur E. Thomas to appellees null, void, and of no effect insofar as it covered and affected the lease held by petitioner.

The defendants moved to dismiss upon the grounds (1) that the complaint failed to state a claim upon which relief could be granted; (2) that in her answer in the separation proceedings Mrs. Irene Thomas, plaintiff's lessor, had waived and renounced her interest in the community, and following the judgment therein had conveyed all of her interest in the lands to her husband; (3) that Mrs. Irene Thomas, the lessor of plaintiffs, and Arthur E. Thomas, the lessor of defendants, were indispensable parties; (4) that Arthur E. Thomas was a resident and citizen of Louisiana, and that, since plaintiff was likewise a resident of that State, the court would be without jurisdiction because of lack of diversity of citizenship between the parties.

At the hearing of the motion there were introduced in evidence certified copies of the petition, the answer, and the judgment rendered in the suit for separation brought by Arthur E. Thomas against Mrs. Irene Thomas; a certified copy of a deed bearing date October 25, 1940, from Mrs. Irene Thomas to Arthur E. Thomas, conveying all her interest in the lands and duly recorded in the records of Richland Parish; and the agreement entered into by the parties to this litigation which provided that to protect the property from drainage appellees should go ahead and develop the property and account to the appellant for

his fractional interest in the oil and gas produced in the event that he was successful in establishing title to that interest under his lease from Mrs. Irene Thomas. By stipulation the parties agreed that Arthur E. Thomas was a citizen and resident of Louisiana, and Mrs. Irene Thomas was a citizen and resident of Mississippi.

The court sustained the motion to dismiss on the ground that Thomas was an indispensable party defendant, and the court was therefore without jurisdiction. From the judgment dismissing the suit, the appellant appealed. The correctness of this ruling is the only question before us.

Appellant asserts against the judgment of dismissal that a right to prosecute this cause of action solely against the appellees is given him by Act No. 205 of the Legislature of Louisiana for the year 1938. That Act provides:

"That oil, gas and other mineral leases, and contracts applying to and affecting such leases or the right to reduce oil, gas or other minerals to possession, together with the rights, privileges and obligations resulting or flowing therefrom, are hereby defined and classified as real rights and incorporeal immovable property, and may be asserted, protected and defended in the same manner as may be the ownership or possession of other immovable property by the holder of such rights, without the concurrence, joinder or consent of the landowner, and without impairment of rights of warranty, in any action or by any procedure available to the owner of immovable property or land."

■ The Supreme Court of Louisiana in Tyson v. Surf Oil Co., 195 La. 248, 196 So. 336, held that this act is purely procedural and does not vest any substantive rights. Procedure in the federal courts is governed by the Federal Rules and not by the local law. 17 Hughes, Federal Practice Jurisdiction & Procedure, § 18518. This is particularly true in diversity cases where the question of indispensability of absent parties arises. It is now settled we think that in such cases the rule as to indispensability of absent parties must be determined by federal rather than by local law. De-

Korwin v. First National Bank of Chicago, 7 Cir., 156 F.2d 858; Chicago, M., St. P. & P. R. Co. v. Adams County, et al., 9 Cir., 72 F.2d 816.

■ In an early case, the Supreme Court of the United States, Shields v. Barrow, 17 How. 130, 139, 15 L.Ed. 158, said:

"Persons who not only have an interest in the controversy but an interest of such a nature that a final decree cannot be made without either affecting that interest or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience [are indispensable parties.] * * *"

Since then, in numerous adjudications it has been held that the test of indispensability is whether the absent party's interest in the subject matter of the litigation is such that no decree can be entered in the case which will do justice between the parties actually before the court without injuriously affecting the rights of the absent party.

■ It is apparent from the petition and from the documents that the validity of appellant's lease from Mrs. Irene Thomas and his rights under the lease are dependent upon the nullity of the conveyance from Mrs. Irene Thomas to Arthur E. Thomas. It is likewise apparent that the validity of the lease of appellees is dependent in part upon the validity of the conveyance from Mrs. Irene Thomas to Arthur E. Thomas. It follows, therefore, that before final judgment between the parties before us can be given, the validity of the deed from Mrs. Thomas to Thomas must be passed upon and that any ruling with respect to that deed will injuriously affect the rights of Mr. or Mrs. Thomas, or both of them. This may not be done without having the parties to the deed before the court. Under the Federal Rules, a court cannot adjudicate rights under conflicting oil leases of the same property executed by different lessors, and each providing for the payment of royalty, in a suit by the lessee to which the lessors are not parties. South Penn Oil Co. v. Miller et al., 4 Cir., 175 F. 729. The doctrine of that case is sound and applies with equal

force to the case before us. Cf. Calcote et al. v. Texas Pacific Coal & Oil Co., 5 Cir., 157 F.2d 216.

█ Even if the local law were to be followed, appellant still could not maintain his position. He urges that his action is strictly petitory, and that under Louisiana law such an action may be prosecuted against the person in possession, even though that person be a lessee, and that the appellees are the persons in possession. With respect to local procedure, it has been held that Act No. 205 of 1938 merely classifies mineral leases as real rights or incorporeal immovable property and declares that they may be asserted, protected, or defended without the concurrence or consent of the land-owner in the same manner as may be the ownership or possession of other immovable property, *in any action or by any procedure available to the owner of immovable property.* Allison v. Maroun, 193 La. 286, 190 So. 408, 409. A "petitory action" has been judicially defined as one brought by the alleged owner of real estate out of possession against a party whom he admits to be in possession in order to have contradictorily with such person his ownership recognized and decreed. Ramos Lumber & Mfg. Co. v. Labarre, 116 La. 559, 40 So. 898, 902. Article 43 of the Code of Practice of Louisiana defines a petitory action in these words:

"The petitory action, or one by which real property, or any immovable right to such property may be subjected, is claimed, must be brought against the person who is in actual possession of the immovable, even if the person having the possession be only the * * * lessee.

"But if the * * * lessee of a real estate be sued for that cause of action, he must declare to the plaintiff the name and the residence of his lessor, who shall be made a party to the suit, if he reside in the State, or is represented therein, and who must defend it in the place of the tenant, who shall be discharged from the suit."

█ Act No. 205 of 1938 set forth above did not repeal the article, and the fact that the lessee under a mineral lease may under that act assert or defend rights under his lease in any action or procedure available to the owner of land did not change the requirements of the Code of Practice that the lessee in possession, when sued in a petitory action, disclose the name and residence of his lessor who shall be made a party to the suit to defend his title. Instead of being discharged from the suit, upon his lessor's being brought in, the lessee may, under the act of 1938, remain a party to and take part in the defense. The purpose of bringing the lessor in is apparent: The lessee's possession of the property sued for is the possession of his lessor. Allison v. Maroun, supra. A petitory action has for its purpose not only the establishment of title by the owner out of possession but through court decree the obtaining of possession. The lessor, therefore, is vitally interested not only in maintaining his title, but in maintaining his possession. And as the lessor through his tenant is the real possessor, he is the proper one to be heard, and under the codal article must be brought in and given that opportunity. Notwithstanding Act No. 205 of 1938, codal articles dealing with ordinary leases still apply to oil, gas, and mineral leases, in proper cases. Tyson v. Surf Oil Co., supra.

█ Under local practice, both Mrs. Irene Thomas and A. E. Thomas are necessary parties defendant for the reason that the invalidity of the sale from the former to the latter must be established before title in appellant to the leasehold rights asserted by him may be decreed in the petitory action. The deed filed in evidence by defendants on the motion to dismiss was not objected to as a forgery and being authentic in form makes full proof of the agreement contained in it until attacked and set aside. Rev.Civ.Code La. art. 2236. It was hinted in argument that the deed was executed during coverture and was given a date after the judgment of separation was filed. While the spouses were incapacitated up to the time of the signing of the judgment of separation to make a sale from the one to the other, such incapacity was relative and not absolute; hence the deed was prima facie evidence of conveyance of the property described therein until annulled by judicial decree. Brownson v. Weeks, 47 La.Ann. 1042, 17 So. 489;

Maxwell v. Maxwell, 1 La.App. 413; Dares v. O'Donnell, La.App., 151 So. 774, cited with approval in Russo v. Russo, 205 La. 852, 18 So.2d 318. To void and set aside a transaction relatively null, the parties to the transaction must in a petitory action be before the court. Long v. Chailan, 187 La. 507, 175 So. 42, and authorities cited therein. Paraphrased, the following language of the Supreme Court in Vinton Oil & Sulphur Co. v. Gray, 135 La. 1049, 66 So. 357, 361, is apposite:

"It is evident that the sale which prima facie divested the title in Mrs. Thomas and vested it in Mr. Thomas must be annulled before plaintiff-appellant can succeed in the demand of his petitory action that he be recognized as the owner of a valid oil and gas lease out of Mrs. Thomas, and equally evident that if the nullity charged be not of the absolute character that would authorize the court to disregard the sale entirely, but is merely relative, and presents a matter for adjudication, the sale cannot be annulled unless all the parties in interest are before the court."

The judgment appealed from is affirmed.