HARDY, Judge.
This is an action in tort by plaintiff, as the owner of a valid and subsisting oil, gas and mineral lease on a 280 acre tract of land in Claiborne Parish, Louisiana, for the recovery of damages allegedly resulting from a trespass on the leased lands for the purpose of making geophysical explorations thereupon. Named as defendants are Seismic Explorations, Inc., a Delaware corporation, and W. A. McNeil, the crew chief in charge of the geophysical operations. From a judgment in favor of plaintiff awarding damages in the principal sum of $840, the defendants have appealed.
A plea to the jurisdiction originally interposed by defendants and overruled by the court, has not been urged on this appeal and is therefore considered to have been abandoned.
Plaintiff originally sued for damages in the amount of $14,000, but, upon the beginning of trial, plaintiff’s counsel formally abandoned and withdrew the claim to the extent of $8,400, which was based upon the alleged damages in the nature of depreciation of the value of plaintiff’s lease, and counsel announced that plaintiff’s demands were limited to the value of the information obtained, which was asserted to be not less than $10 per acre. The basis of valuation fixed by the district judge, as evidenced by his written opinion, represented plaintiff’s investment in the lease to the extent of the original consideration of $1 per acre and the payment of two annual renewals at the rate of $1 per acre.
The lease in question, containing the usual provisions, became effective on March 6, 1955, and had been continued in effect by the payment of rentals in the years 1956 and 1957.
Plaintiff’s action is predicated upon the contentions that under the terms of the lease he became vested with the exclusive right to the geophysical exploration of the leased property, which constituted a valuable property right; that defendants made unauthorized geophysical operations on the leased property without authority from plaintiff, which actions were wrongful, tor-tious and constituted a trespass upon plaintiff’s rights, for which he is entitled to compensation in the nature of damages.
Defendants contend, first, that plaintiff was not in possession of any property and that the asserted action cannot be maintained by one not in possession, and, second, that no damages were proved.
Defendant’s first proposition is in the nature of an exception of no right of action, and it was established on trial that, while the defendants had never attempted to make any contact with or obtain permission from the plaintiff to conduct their geophysical operations, the defendant, .McNeil, had contacted one of the co-owners of the property by telephone and obtained his permission. The burden of this defense, of course, is that a mineral lessee is not in possession until he has developed and reduced the minerals, on which he holds a lease, to possession, and, in support of this proposition, distinguished counsel cite Allison v. Maroun, 193 La. 286, 190 So. 408; Scheller v. Goode, La.App., 69 So.2d 96; Ware v. Baucum, 221 La. 259, 59 So.2d 182, and Reagan v. Murphy, 235 La. 529, 105 So.2d 210, 213.
We do not think the cited cases are authority for the proposition contended by counsel for defendants, and we believe, on the contrary, that the effect of the holdings in these cases is to support rather than deny plaintiff’s right of action. We think it necessary to make specific reference only to the able opinion of Mr. Justice McCaleb in the case of Reagan v. Murphy, cited supra.
In the course of the opinion both Act 205 of 1938, classifying oil and gas leases as real rights, and Act 6 of the Second Extra Session of 1950, enlarging the protection of the 1938 Act, were considered in the light of the jurisprudence prior to the adoption of the said acts. The principal effect of the opinion was the refusal by the court to accept the acts of the Legislature as effecting *836 a change in the essence of mineral lease contracts. However, the court made the following clear-cut and unambiguous declaration :
“It (the law), declares, in substance, that they (mineral leases) are to be classified as real rights and ‘may be asserted, protected and defended in the same manner’ as may be the ownership or possession of other immovable property.”
We think it desirable to quote the appropriate provision of the Statute, LSA-R.S. 9:1105, which reads as follows:
“Oil, gas, and other mineral leases, and contracts applying to and affecting these leases or the right to reduce oil, gas, or o ther minerals to possession, together with the rights, privileges, and obligations resulting therefrom, are classified as real rights and incorporeal immovable property. They may be asserted, protected, and defended in the same manner as may be the ownership or possession of other immovable property by the holder of these rights, without the concurrence, joinder, or consent of the landowner, and without impairment of rights of warranty, in any action or by any procedure available to the owner of immovable property or land. This Section shall be considered as substantive as well as procedural so that the owners of oil, gas and other mineral leases and contracts within the purpose of this Section shall have the benefit of all laws relating to the owners of real rights in immovable property or real estate. As amended Acts 1950, 2nd Ex.Sess., No. 6, § 1.”
In the Reagan case the opinion of the Supreme Court emphatically recognized the right of owners of mineral leases to the benefits of the laws relating to owners of immovable property in the protection of their rights.
Inasmuch as the lease in the instant case specifically vests the right of “exploring * * * for * * * oil, gas and other minerals,” we think there can be no question as to the conclusion that this plaintiff, as lessee, owned the right to explore the property under the specific terms of the lease, which right may be protected by whatever action would be available to the owner of immovable property. It follows that defendants’ first proposition must be rejected.
Proceeding to a consideration of the proof of damage, we are confronted with a somewhat difficult resolution. The Supreme Court has had this same question presented in a number of cases involving actions for the recovery of damages resulting from unauthorized geophysical surveys, among which we note particularly, Layne Louisiana Company v. Superior Oil Company, 209 La. 1014, 26 So.2d 20; Holcombe v. Superior Oil Company, 213 La. 684, 35 So.2d 457; and Franklin v. Arkansas Fuel Oil Company, 218 La. 987, 51 So.2d 600. In these cases the court has (1) designated the unauthorized surveys as constituting trespasses in the nature of quasi offenses; (2) declared that only compensatory and not punitive or exemplary damages are recoverable; (3) stated that much discretion is vested in the trial judge, and (4) declared that the damage must be certain and is to be ascertained from all the facts and circumstances of a particular case.
In fixing the actual damages allowed, the determination of the court was governed in the Layne case primarily by the deterioration in value of leases resulting from the apparently unfavorable geophysical explorations, and in the Holcombe and Franklin cases by the consideration paid other landholders in the same block for the privilege of conducting the exploration.
Neither of these elements of damage have been established in the instant case. Plaintiff has voluntarily abandoned his claim for deterioration in value of the leases, and it was established by the uncontroverted testimony of one of defendant’s employees that no consideration of any nature had been *837 paid to any persons in connection with the conduct of the geophysical explorations on a block of approximately 40,000 acres, which included the tract leased by plaintiff.
Under these factual circumstances, there can be no question as to the validity and persuasiveness of defendant’s contention that no actual damage has been proved. Nevertheless, we are exceedingly loath to refuse an allowance of damages. The effect of such a holding would appear to place the stamp of judicial approval upon the commission of a tortious act which constitutes an invasion and actual taking of a right — the right of geophysical exploration —vested in the plaintiff and for which he has paid a substantial consideration.
We think that although plaintiff has been unable to establish an actual physical damage, measurable in monetary terms, the record does establish the acquisition of a valuable right by the defendant trespassers. The vast bulk of the transcript of evidence in this case is made up of the testimony of Dr. R. R. Rosenkrans, a geophysicist employed by defendant, Seismic Explorations, Inc., as Field Supervisor. This witness testified that the geophysical explorations which were made on the 40,000 acre block in Claiborne and Webster Parishes, for the company’s client, were unquestionably of great value. By way of illustration the learned witness testified that geophysical explorations effected a reduction in the odds of unprofitable drilling operations from twenty to one to nine to one. The very interesting and informative testimony of this witness compared the entire operation to the composition of a vast jig-saw puzzle of some S00 pieces, representing the number of shooting operations. In this pattern the plaintiff’s leased property comprised a small segment, from which two or three pieces of the puzzle were obtained by defendants’ unauthorized explorations.
Under this appreciation of defendant’s entire operation, we have no hesitancy in concluding that the defendants took something of value to themselves through the commission of a quasi offense, although a dollar value could not be definitively established by the plaintiff. To make an obvious illustration, without in any degree whatsoever reflecting upon the integrity of defendants, the operation is comparable to the theft of an article, valuable to the thief, but, apparently, without material value to the owner from whom it was stolen.
After thorough consideration, we are unable and unwilling, for the reasons set forth, to hold that the rights owned by plaintiff and wrongfully exercised by defendants, are without value. The determination of the exact measure of this value, under the circumstances of the instant case, must be arbitrarily fixed, and we cannot find that the basis used by our distinguished brother of the district court was unreasonable, nor that the amount of his award was excessive.
For the reasons assigned, the judgment appealed from is affirmed at appellant’s cost.