HOOD, Judge.
Mrs. Anaise Dunckelman and Lonnie V. Dunckelman seek a declaratory judgment decreeing that they have a legal cause of action against defendant, Central Louisiana Electric Company, to rescind a conveyance they made to defendant of a right-of-way for an electric transmission line on the grounds of lesion beyond moiety. The trial judge rendered judgment sustaining an exception of no cause of action filed by defendant and dismissing the suit. Plaintiffs appealed.
The issue presented is whether the granting of a right-of-way for an electric transmission line constitutes the sale of an “immovable” as that term is used in LSA-C.C. art. 1862, and thus whether the granting of such a right-of-way can be rescinded on the grounds of lesion beyond moiety.
Plaintiffs executed a “servitude agreement” on November 27, 1972, by which they conveyed to defendant the “right, privilege and easement” to construct and maintain electric transmission lines on a strip of land, 100 feet wide and 2326 feet long, running diagonally across plaintiffs’ 105.39 acre tract of land in Natchitoches Parish. Plaintiffs allege that defendant paid them $2,140.00 for the right-of-way, and that that amount is less than one-half the market value of said' right-of-way. They demand a declaratory judgment decreeing that they “have a legal cause of action, in lesion beyond moiety, against the defendant” to rescind that conveyance.
The trial judge concluded that the “servitude agreement” constituted the sale of an “incorporeal immovable,” as distinguished from the sale of “immovable property itself,” that the sale of an incorporeal immovable is not subject to recision for lesion, and that plaintiffs thus have not alleged a cause of action for setting aside that sale.
We have concluded that the judgment rendered by the trial court is correct.
Article 1860 of the Louisiana Civil Code provides that “lesion is the injury suffered by one who does not receive a full equivalent for what he gives in a commutative contract,” and that “the remedy given for this injury is founded on its being the effect of implied error or imposition.” A person of full age and who is under no incapacity will not be relieved of his obligations under his voluntary contracts, on account of sitch an implied error or imposition, except in two cases. One such case is *916 where a partition is involved, and the other is where the sale of immovable property is involved, and the price given is less than one-half of the value of the thing sold. LSA-C.C. arts. 1861, 1862, 2589 and 2591. The instant suit does not involve a partition, so our concern here is whether the transaction between plaintiffs and defendant involved the sale of an immovable within the meaning of the cited articles of the Civil Code.
LSA-C.C. art. 1861 provides, in part, that:
“In sales of immovable property, the vendor may be relieved, if the price given is less than one-half of the value of the thing sold; but the sale can not be invalidated for lesion to the injury of the purchaser.” (Emphasis added).
The other cited articles of the Louisiana Civil Code provide:
“Art. 1862. Lesion can be alleged by persons of full age in no other sale than one for immovables, in which is included whatever is immovable by destination.” (Emphasis added).
“Art. 2589. If the vendor has been aggrieved for more than half the value of an immovable estate by him sold, he has the right to demand the rescission of the sale, even in case he had expressly abandoned the right of claiming such rescission, and declared that he gave to the purchaser the surplus of the thing’s value.” (Emphasis added).
“Art. 2591. If it should appear that the immovable estate has been sold for less than one-half its just value, the purchaser may either restore the thing and take back the price which he has paid, or make up the just price and keep the thing.” (Emphasis added).
Plaintiffs contend that the right-of-way which they granted to defendant is an immovable, and that they have alleged a cause of action for the rescission of the sale of that right-of-way on grounds of lesion. They base that argument largely on Articles 463 and 474 of the Civil Code, which provide that an incorporeal right, including a servitude, on an immovable estate, is considered as an immovable.
Defendant contends that the granting of the right-of-way by plaintiffs was not a. “sale” at all, that plaintiffs simply “created” or “established” a servitude on their, land in favor of defendant, and that since there was no sale the creation of the right-of-way is not subject to an action to rescind based on lesion. Defendant also contends that the right-of-way granted by plaintiffs is neither an immovable by nature nor an immovable by destination, but that instead it is an immovable by disposition of law. It argues that even if the transaction should be treated as a sale, LSA-C.C. art. 1862 does not authorize the rescission of the sale of an immovable by disposition of law, and that plaintiffs thus have failed to allege a cause of action.
All parties agree that the right-of-way which plaintiffs granted to defendant is a servitude. See Louisiana Materials Company v. Cronvich, 236 So.2d 510 (La.App. 4 Cir. 1970); St. Charles Land Trust, Achille Guibet v. St. Amant, 253 La. 243, 217 So.2d 385 (1969).
Servitudes which affect lands are classified as being either personal or real servitudes. LSA-C.C. art. 646. The right-of-way involved in this case, for the erection and maintenance of an electric transmission line, is not a real (or predial) servitude, since it was not established for the benefit of another estate, but it is a personal servitude, affecting or applying to plaintiffs’ property and running in favor of defendant.
Property is classified as being immovable if it is immovable by nature, immovable by destination or immovable by the object to which it is applied. LSA-C.C. art. 463. Things also are divided into corporeal and incorporeal, incorporeal things being those which are not manifest to the senses and *917 which are conceived only by the understanding of th'e parties. Servitudes are specifically designated as being incorporeal things. LSA-C.C. art. 460..
The servitude which plaintiffs conveyed to defendant is not an immovable by nature or an immovable by destination, but it is an immovable by disposition of law, that is, by the object to which it is applied. It also is an incorporeal right or thing.-. We agree with the trial judge, therefore, that the right-of-way involved here, for the construction and maintenance of an electric transmission line across plaintiffs’ property, is an incorporeal immovable.
Article 1862 of the Civil Code clearly authorizes the rescission of a sale on the grounds of lesion if the sale involves an immovable by nature or an immovable by destination. The parties to this suit disagree, however, on the question of whether an action to rescind based on lesion can be maintained where the thing sold is an incorporeal immovable, that is, a right which is designated as an immovable solely because of the object to which it is applied. The question presented is res nova in this state.
LSA-C.C. art. 1862 had no counterpart in the French Code. The substance of the present article first appeared as Article 1856 of the Code of 1825, which provided:
“Lesion can be alleged by persons of full age in no other sale than one for immoveables, by which is meant whatever is immoveable by destination, including slaves, when sold with the plantations on which they labour.”
An editorial note in the Compiled Edition of the Civil Codes of Louisiana states that the words “by which is meant” used in that article,' should have been “in which is included.” In either case, however, the specific inclusion of immovable by destination indicates to us that the redactors intended to limit the action of lesion to sales of immovables by nature and to immovables by destination. This article was included in the Civil Code of 1870, except that the reference to slaves was eliminated. We believe that in adopting Article 1862 neither the redactors of the 1870 Code nor the Legislature intended to change the substance of the counterpart of that article in the 1825 Code. Since the sale of immovables by destination was expressly included in the article providing for lesion in the 1825 and 1870 Codes, we believe that the redactors of those codes intended to exclude the third type of im-movables, i. e., immovables by disposition of law, from rescission on that ground.
Article 462 of the Civil Code provides in efféct that the term “immovable” generally applies only to immovables by nature, and that it is not usually applied to immovables by disposition of law. The article provides :
“Immovable things are, in general, such as can not either move themselves or be removed from one place to another.
“But this definition, strictly speaking, is applicable only to such things as are immovable by their own nature, and not to such as are so only by the disposition of the law.” (Emphasis added).
In view of the provisions of that article, it is reasonable to conclude that the term “immovables,” when used alone in Article 1862, was intended to refer only to immov-ables by nature.
Although Article 1862 of our Code had no counterpart in the French Code, the Code Napoleon did provide the source for Articles 2589, 2591 and 2592, all of which relate to the rescission of sales on account of lesion. We note that the terms “immovable estate” or “estate” are used in those articles, as well as in some of the source articles of the French Code. Professor Yiannopoulos points out in a scholarly article entitled “Predial Servitudes: General Principles: Louisiana in Comparative Law,” that in the Louisiana Civil *918 Code, as in France, the word “estate” usually means a distinct corporeal immovable. In that article the author stated:
“In Louisiana, the word ‘estate’ in Article 647 of the Civil Code of 1870 means, as in France, a distinct corporeal immovable. This is made clear by Article 710 of the same Code which indicates that predial servitudes may be established on, or in favor of, tracts of lands and buildings.” (29 La.L.Rev. 1, 16).
The fact that the word “estate” was used in other articles' of the Civil Code relating to lesion indicates to us that Article 1862 also was intended to relate only to corporeal immovables.
The same author, Professor Yiannopou-los, in his treatise on Civil Law of Property, states:
“It is questionable whether the provisions of the Civil Code governing lesion apply to incorporeal immovable property notwithstanding the broad language of Article 1862 which refers to ‘immova-bles.’ Louisiana courts have allowed the action for lesion beyond moiety in connection with sales of immovables by nature but have refused to allow it in cases involving sale of speculative mineral interests.” (Yiannopoulos, Civil Law of Property, Sec. 63, p. 187).
In Wilkins v. Nelson, 155 La. 807, 99 So. 607 (1924), plaintiff sued to rescind the sale of oil, gas and mineral rights affecting a tract of land on the ground of lesion beyond moiety. Our Supreme Court affirmed the dismissal of his suit, assigning as one ground therefor that Article 1862 of the Civil Code did not extend the action of lesion to an immovable by disposition of law. The court said:
“There are three classes of immova-bles: immovables by nature, immovables by destination, and immovables by the disposition of the law. When article 1862 of the Code restricted the action of lesion to immovables, it meant immova-bles which are such by their nature and not such as are made immovable by disposition of the law. ■ This is made manifest by the special inclusion with the immovable by .nature all immovables by destination, and the implied exclusion of all immovables made such by the disposition of the law. We hardly think that the language of article 1862 can be so construed as to extend the action of lesion to every real or incorporeal right and to every character of intangible property made immovable by the disposition of the law. (Emphasis added).
* * * * * . *
“It thus appears that the servitude referred to in article 471 as being an immovable is one which is established on an estate. Its immovable character results from the nature of the object to which it is attached. It becomes a part of the estate and follows the estate. It can hardly be contended that such a servitude, though declared to be an immovable, would be subject to the action of lesion, independent of the estate to which it was attached, or on which it was established.”
At least two other reasons were assigned by the court for dismissing the Wilkins case, one of which was that the value of mineral rights is speculative and conjectural, and thus they are not susceptible of being given a fixed or dependable valuation. We believe that the value of a right-of-way for an electric transmission line is subject to some uncertainty, but whether it is or not is immaterial, because we are convinced that regardless of the question of value the right to rescind a sale on grounds of lesion was intended to apply only to corporeal immovables, that is, im-movables by nature and immovables by destination. It was never intended that the transfer of a personal servitude, an incorporeal immovable, or an immovable by disposition of law, could be rescinded on grounds of lesion.
In Haas v. Cerami, 201 La. 612, 10 So.2d 61 (1942), plaintiffs sued for specific per *919 formance of an agreement to sell a royalty interest. The defendant land owner contended that the agreement to sell was invalid because the price agreed upon was out of proportion to the value of the property. The Louisiana Supreme Court, citing Wilkins v. Nelson, supra, held that plaintiffs had no right of action to annul the sale of mineral rights in non-producing land on the ground of lesion. On application for rehearing the land owner showed that a producing well had been completed very near the subject property, and that the elements of speculation or conjecture as to value thus had been removed. The court nevertheless adhered to its initial holding that the sale could not be rescinded for lesion.
We think the rulings in the Wilkins and Haas cases, supra, should be applied here. In our view, the sale of mineral rights and the sale of a mineral royalty interest are analogous to the sale of a servitude or right-of-way for the construction and maintenance of an electric transmission line. Each involves the transfer of an incorporeal right affecting a tract of land. Each is an incorporeal immovable, an immovable by disposition of law, or a right which is determined to be an immovable solely because of the thing to which it is applied. We believe that an action of lesion does not apply to the sale or transfer of such a right.
Our conclusion is that plaintiffs have failed to allege a cause of action, and that there is no error in the judgment of the trial court dismissing the suit.
In view of the conclusion which we have reached, it is unnecessary for us to consider the other argument advanced by defendant that the transaction entered into between plaintiffs and defendant was not a sale.
The. judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiffs-appellants.
Affirmed.